Joshua J. Schroeder, (SBN: 304992)
**BULLDOG LAW, P.C.**
500 N. CENTRAL AVNEUE SUITE 610
GLENDALE, CA 91203
PHONE: 818-649-3007
Email: joshua@thebulldog.law
elsy@thebulldog.law

On Behalf of Mario Tafur
Attorney for Defendant Bulldog Law, P.C.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULKERSON, LLP<br><br>        Plaintiff(s),<br><br>    vs.<br><br>BULLDOG LAW, P.C.<br><br>        Defendant(s). | Case No.: 25CV551 AGS KSC<br><br>**DEFENDANT BULLDOG LAW, PC'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL**<br><br>Honorable:   Andrew G. Schopler<br>Action Filed:  03/07/2025<br>Trial Date:    (Unassigned) |

**COMES NOW** Defendant Bulldog Law, P.C. ("Defendant" or "Bulldog Law"), a professional corporation duly organized under the laws of California, by and through its undersigned counsel admitted to practice in the U.S. District Court for the Southern District of California, hereby answers the Complaint filed by Plaintiff Batta Fulkerson, LLP ("Plaintiff" or "Batta Fulkerson") on March 7, 2025 (ECF No. 1), served on Defendant on March 17, 2025. Pursuant to Fed. R. Civ. P. 8, Defendant denies all allegations, or lack of knowledge as appropriate,

- 1 -
ANSWER

and presents affirmative defenses, counterclaims, a request for relief, and a demand for jury trial in accordance with Fed. R. Civ. P. 12, 13, and 38.  Defendant denies all allegations not expressly admitted herein and contends that the Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Defendant reserves the right to amend or supplement this Answer and Counterclaims as discovery proceeds or additional facts emerge, per Fed. R. Civ. P. 15.

## SPECIFIC AND GENERAL DENIALS TO ALL ALLEGATIONS

Defendant makes the following admissions and denials of the allegations in the Complaint filed by Plaintiff on March 7, 2025 (ECF No. 1), served on Defendant on March 17, 2025.

1. Defendant denies all allegations in paragraph 1; Defendant's use of its own logo and name is not an infringement according to 15 U.S.C. § 1114(1) as it is not a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's alleged registered mark, nor is it likely or intended to cause confusion, mistake, or deception, nor did Defendant know that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.  Defendant's use of its logo and name was not unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it did not designate Plaintiff or indicate the origin of services were in any way rendered by Plaintiff and it did not constitute unfair competition.  Defendant's use of its logo and name was not a violation of the Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d), because it did not have a bad faith intent to profit from a mark protected under § 1125, nor was the domain name of https://www.thebulldog.law distinctive of Plaintiff's marks at the time it was acquired, nor was it identical or confusingly similar to the Plaintiff's registered marks, nor are Plaintiff's marks famous.  Finally, Defendant's use of its logo and name was not a violation of related claims of unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq., and various common law claims, because Defendant's name and logo are not substantially similar to Plaintiff's trademarks, in part because the use of Bulldog is part of Defendant's

name, and the services provided in connection with Defendant's use of its name and logo are not identical and substantially dissimilar from Plaintiff's services. Defendant does not have sufficient knowledge to deny Plaintiff's claim that Defendant violated various common law claims, so Defendant denies them. It appears that Defendant's trademark filing was used alongside an already registered mark of another competing law firm "Bulldog Lawyers" to deny Plaintiff's registration of another similar mark by the Trademark Trial and Appeal Board, and it appears that if Defendant is liable for any of these claims then Plaintiff must be liable for these same claims. (Exhibit 1.)

2. In so far as paragraph 2 can be denied, Defendant denies its claims including that its use of its logo and name caused Plaintiff damages that can be remedied by injunctive or monetary relief.

3. Defendant admits paragraph 3.

4. Defendant denies paragraph 4, because Defendant resides in the Central District of California (as commemorated in paragraph 7 of the Complaint) not in the Southern District of California, Defendant does most of its business in the Central District and little business in the Southern District, the claims of paragraph 21 that "advertisements for Bulldog Law" appeared in "bus shelters in Los Angeles" which is in the Central District of California, and an insubstantial part of the events or omissions giving rise to the claims occurred in the Southern District. Defendant has no personal injury cases in the Southern District of California, and carries on several other kinds of legal practice including immigration, criminal law, and other civil law matters.

5. Defendant partially admits to paragraph 5, because Defendant has minimum contacts in the Southern District of California that establish personal jurisdiction including maintaining a website and other means of online presence, but denies that Defendant specifically targeted residents within the Southern District of California.

ANSWER

6. Defendant does not have sufficient information to form a belief about the allegation in paragraph 6.

7. Defendant partially admits to paragraph 7, except the zip code of Defendant's principle place of business is 91203, not 3372.

8. Defendant does not have sufficient information to form a belief about the allegations in paragraphs 8 through 17.

9. Defendant admits to paragraphs 18 through 20.

10. Defendant does not have sufficient information to form a belief about the allegations in paragraphs 21 through 26, except that Defendant did market its name and logo online and on buses and bus shelters in Los Angeles. Defendant confirms that Attorney Charles Farris is no longer attorney for Defendant in the Trademark Trial and Appeal Board, and action to replace him with current retained counsel is occurring now. Mr. Farris's statements do not and did not represent Defendant's position in relation to this suit. Moreover, Defendant did attempt to settle with Plaintiff offering a compromise that is meant to be confidential. Counsel for plaintiff broke the privilege mandated in California Evidence Code §§ 1152, 1154 of keeping settlement conversations confidential by filing information about Defendant's alleged statements and characterizations in pursuit of a compromise as being not good enough for Plaintiff as an apparent allegation in its complaint.

11. Defendant asserts settlement communication privilege in response to paragraph 27, and otherwise denies the allegations in their entirety.

12. Defendant partially denies the allegations in paragraph 28, that its use of its own name and logo are infringing uses of Plaintiff's marks and it denies the implication that Defendant harmed Plaintiff's brand by using its own name and logo. Defendant has not willfully infringed, and has sought reasonable compromises with Plaintiff.

13. Defendant denies the allegations in paragraphs 29 through 31, except that it did know that "bulldog" is a generic or descriptive term that many law firms, lawyers, judges, and jurists use to describe themselves and each other, and that many other legal services businesses and legal service-adjacent businesses used the term as well, because it is in the dictionary as TTAB noted in one of its denials of Plaintiff's attempts to trademark a related term. (Exhibit 1.)

14. Defendant incorporates its responses to the allegations in paragraphs 1 through 31 to the following denials of paragraphs 32 through 71 of the Complaint, and Defendant generally denies all paragraphs from 32 to 71 that are not specifically referenced below.

15. Defendant denies the allegations in paragraph 32 in so far as they can be denied.

16. Defendant denies the allegations in paragraph 33, because the word bulldog is a widely used term for determined and tenacious lawyers, judges, and jurists including those employed by the government, and uses of this term in relation to legal services are so widespread and common that it is included in the dictionary and there is little chance that Defendant's use of this term as its name, in its website URL, on its logo, or other marketing would cause confusion, partially because Defendant uses the term Bulldog in its name and Plaintiff's name does not have "bulldog" in the name, and moreover because several public and private lawyers including district attorneys, judges, and agency heads along with many other private attorneys call themselves bulldogs and could be implicated as infringers of Plaintiff if Defendant is found to be an infringer of Plaintiff's marks here.

17. Defendant denies the allegations in paragraph 34, because Defendant's use of its own logo and name is not an infringement according to 15 U.S.C. § 1114(1) as it is not a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's alleged registered mark, nor is it likely or intended to cause confusion, mistake, or deception, nor did Defendant know that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

18. Defendant denies the allegations in paragraph 35, because Plaintiff has not been damaged by and cannot show damages caused by Defendant's use of its own name and logo.

19. Defendant denies the allegations in paragraph 36, because Plaintiff appears to be stating that its registration of a trademark term "bulldog" that has a very descriptive meaning in the English language and especially in the legal field is damaged by its use by Defendant in the descriptive way English speakers use the term.  Plaintiff has this issue backwards, because Plaintiff is monetizing a descriptive use of a term to generate interest in its brand Batta Fulkerson, not creating or investing in a term to give it an alternative meaning in public use.

20. Defendant denies the allegations in paragraphs 37 and 38, in part because there are no provable damages here as the damages alleged appear to amount to Plaintiff's failure to properly invest in making the term more than merely descriptive or generic, such that the public would know that the term "bulldog" means Batta Fulkerson rather than a particularly tenacious lawyer, judge, or law firm.  Moreover, Defendant's potential gains or profits from the term "bulldog" are similarly general, derived from Defendant's persistent use of words like "bulldog" and "tenacious" in conjunction with its services to attract clients as many if not most law firms do.

21. Defendant denies the allegations in paragraph 39 in so far as they can be denied.

22. Defendant denies the allegations in paragraph 40, because these marks are generic or at most descriptive without secondary meaning.

23. Defendant does not have sufficient information to form a belief about the allegations in paragraph 41.

24. Defendant denies the allegations in paragraph 42, because Defendant did not know about Plaintiff's marks because the term "bulldog" is so prevalently used and is often used as a mark by many lawyers across the country. (*See* Exhibits 1 & 2.)

25. Defendant denies the allegations in paragraph 43 is so far as it implies that Defendant is infringing on Plaintiff's marks or any of its rights.

26. Defendant denies the allegations in paragraph 44 in so far as they can be denied.

27. Defendant denies the allegations in paragraph 45, because there is no likelihood of deception as to the origin, source, sponsorship, or affiliation of Defendant's services, or likelihood of confusion that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, and not likelihood that consumers will perceive that Defendant is in some way affiliated with or sponsored by Plaintiff.

28. Defendant denies the allegations in paragraph 46, because Defendant's use of its logo and name was not unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it did not designate Plaintiff or indicate the origin of services were in any way rendered by Plaintiff and it did not constitute unfair competition.

29. Defendant denies the allegations in paragraphs 47 and 48, because the use of "Bulldog Law" did not designate a false origin as it does not tend to indicate that the services come from Batta Fulkerson in part because the term "bulldog" is used by Plaintiff as a slogan while Defendant uses it as their name, which is both thin and transformative of a generic or descriptive term in the legal field.

30. Defendant denies the allegations in paragraphs 49 and 50, for the same reasons as Defendant's response to paragraphs 37 and 38 above.

31. Defendant denies the allegations in paragraph 51 in so far as they can be denied.

32. Defendant denies the allegations in paragraph 52, because Defendant's use of its logo and name was not unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it did not designate Plaintiff or indicate the

origin of services were in any way rendered by Plaintiff and it did not constitute unfair competition.

33. Defendant denies the allegations in paragraph 53.

34. Defendant denies the allegations in paragraphs 53 through 56, for the same reasons as Defendant's response to paragraphs 37 and 38 above.

35. Defendant denies the allegations in paragraph 57 in so far as they can be denied.

36. Defendant partially admits to the allegations in paragraph 58, specifically that it registered, trafficked in, or used the domain name https://www.thebulldog.law, but denies that this is confusingly similar to Plaintiff's trademarks.

37. Defendant denies the allegations in paragraph 59.

38. Defendant denies the allegations in paragraph 60, because Defendant's use of its logo and name was not a violation of the Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d), because it did not have a bad faith intent to profit from a mark protected under § 1125, nor was the domain name of https://www.thebulldog.law distinctive of Plaintiff's marks at the time it was acquired, nor was it identical or confusingly similar to the Plaintiff's registered marks, nor are Plaintiff's marks famous.

39. Defendant denies the allegations in paragraph 61 in so far as they can be denied.

40. Defendant denies the allegations in paragraphs 62 through 64, because Defendant's use of its logo and name was not a violation of related claims of unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq., because Defendant's name and logo are not substantially similar to Plaintiff's trademarks, in part because the use of Bulldog is part of Defendant's name, and the services provided in connection with Defendant's use of its name and logo are not identical and substantially dissimilar from Plaintiff's services.

41. Defendant denies the allegations in paragraphs 65 through 67, for the same reasons as Defendant's response to paragraphs 37 and 38 above.

42. Defendant denies the allegations in paragraph 68, specifically that any willful nature as to infringement, or unfair business practices, and so denies that punitive damages are applicable here.

43. Defendant denies the allegations in paragraph 69 in so far as they can be denied.

44. Defendant fully denies the allegations in paragraphs 70 and 71, and incorporates the responses to paragraphs 37 and 38 above to its denial of these paragraphs.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses, preserving them for all litigation stages under Fed. R. Civ. P. 8(c) and reserving amendment rights per Fed. R. Civ. P. 15:

45. **Failure to State a Claim**: The Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

46. **Genericness**: Plaintiff's alleged marks— "BULLDOG ATTORNEYS," "THE BULLDOG LAWYER," "THE BULLDOG LAWYERS," "INJURED IN AN ACCIDENT? HIRE A BULLDOG ATTORNEY," and any other variants—are generic, naming a class of tenacious lawyers, and thus unprotectable.

47. **Descriptiveness Without Secondary Meaning**: If not generic, Plaintiff's alleged marks— "BULLDOG ATTORNEYS," "THE BULLDOG LAWYER," "THE BULLDOG LAWYERS," "INJURED IN AN ACCIDENT? HIRE A BULLDOG ATTORNEY," and any other variants—are descriptive, conveying tenacity, requiring secondary meaning for protection.

48. **No Likelihood of Confusion**: Defendant's use of its logo, its name, and its use of the term "Bulldog" in other marketing does not create a likelihood of confusion, deception, or mistake with Plaintiff's alleged marks— "BULLDOG ATTORNEYS," "THE BULLDOG LAWYER," "THE BULLDOG LAWYERS," "INJURED IN AN ACCIDENT? HIRE A

BULLDOG ATTORNEY," and any other variants—or its design marks

 (Reg. No. 5295946), and  (Reg. No. 6152296).

49. **Fair Use**: Defendant's "BULLDOG LAW" is a fair, descriptive use.  Allegations from First Amendment paragraph 55 below is incorporated in full here.

50. **Laches**: Plaintiff's delay—Defendant's use for several years constitutes laches and Plaintiff's delay constitutes trademark abandonment.

51. **Unclean Hands**: Plaintiff's attempt to monopolize "bulldog" is inequitable.

52. **Lack of Standing**: Plaintiff lacks standing without a protectable mark, proof of actual infringement, unfair business behavior, or injury.

53. **Failure to Mitigate**: Plaintiff's delay post-January 2025 despite alleged confusion bars damages.

54. **First Amendment**: Defendant's name "BULLDOG LAW" is a protected expression, subject to fair use protection, barring Plaintiff's suppression attempt.  Moreover, any trademark protection of the term "Bulldog" is thin, due to the well-known common use of the term as a descriptive meaning of the term in the legal field that belongs to the public domain.  Defendant's use of the term "Bulldog" in its name is also a transformative use that indicates fair use protection.

55. **No Injury/No Damages**: Plaintiff experienced no injury or damages from the alleged claims.  Plaintiff's claims of damages here amount to a failure of Plaintiff to invest in its trademarks through advertising and marketing that gives the mark a secondary meaning.  Plaintiff's claims that Defendant is damaging Plaintiff by monetizing the generic or

descriptive meaning of the term "Bulldog" that all English speaking peoples gave to the term over the centuries is not claimable as a damage to Plaintiff.

56. **ACBA Safe Harbor**: Bulldog Law PC had no bad faith intent, and believed the domain name was lawful and fair.

57. **Duplicative Recovery Barred**: Plaintiff seeks multiple overlapping remedies that would result in double recovery for the same alleged harm.  Equity and law do not permit double recovery.

58. **Public Policy**: Plaintiff's attempt to police the use of the term "bulldog" in the legal profession will have extreme consequences including the implication that judges, district attorneys, attorneys general, and agency heads, and many other private attorneys, are infringers if they describe themselves as being bulldogs or the other descriptive words Plaintiff claims as a trademark in practice. This affirmative defense is incorporated into every other affirmative defense alleged here.

## COUNTERCLAIMS

**Counterclaim 1: Declaratory Judgment of Non-Infringement and Cancellation of Registration Under 15 U.S.C. § 1064(3)**

59. Defendant hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

60. Defendant seeks a declaration that its use of "BULLDOG LAW" does not infringe Plaintiff's alleged marks, and to cancel Plaintiff's registered trademarks insofar as the court finds that they are generic, descriptive without secondary meaning, or abandoned.

61. Plaintiff's attempt to enforce its mark to non-infringing uses of the term "Bulldog" is trademark misuse.

62. As a direct and proximate result of Plaintiff's acts, Defendant is immediately and irreparably damaged by Plaintiff's attempt to end Defendant's ability to use its name, logo, website, and

to reap the rewards of its own significant investments in advertising these things to the public to attract clients to Defendant's firm.

63. Defendant is entitled to actual damages, costs, and injunctive relief if necessary.

64. Plaintiff's willful behavior merits punitive damages as well.

**Counterclaim 2: First Amendment and California Article I, § 2 of the California Constitution Unconstitutional Prior Restraint Under Fair Use and Public Domain Rationales and Supported By California's Anti-SLAPP Statute (Cal. Code Civ. Pro. § 425.16)**

65. Defendant hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

66. Defendant's freedom of speech is violated by this action, which is designed to chill its speech by blocking it from saying its own name, using its own logo, and competing with the Plaintiff fairly in the marketplace.

67. The term "Bulldog" is due only thin trademark protection, to the exact use of words and images trademarked, because of its well-known historic use as a descriptive term for lawyers, judges, and jurists that dates back centuries in the English-speaking world.

68. Defendant's use of "Bulldog" in its name is a transformative use of the term that is protected by fair use doctrine.

69. Plaintiff's claims have no logical stopping point, and if Defendant is found liable under any of the causes of action alleged here, potentially anyone who uses the term "Bulldog" in conjunction with their legal services, practice, or activity in connection with the law may be subject to speech suppressive litigation.

70. As a direct and proximate result of Plaintiff's acts, Defendant is immediately and irreparably damaged by Plaintiff's attempt to end Defendant's ability to use its name, logo, website, and

to reap the rewards of its own significant investments in advertising these things to the public to attract clients to Defendant's firm.

71. Defendant is entitled to actual damages, costs, and injunctive relief if necessary.

72. Plaintiff's willful behavior merits punitive damages as well.

**Counterclaim 3: Unfair Competition Under Lanham Act, 15 U.S.C. § 1125(a)**

73. Defendant hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

74. Plaintiff's attempt to own the term "Bulldog" is likely to deceive consumers as to the origin, source sponsorship or affiliation of Plaintiff's services as there are countless uses of the term "Bulldog" in the legal profession, and if Plaintiff wins this suit it may appear that Plaintiff endorses, sells, authorizes, or sponsored all of these uses across the English speaking world tracing back for centuries.

75. Plaintiff's attempt to claim absolute property over the term "Bulldog" in connection to legal services constitutes a false designation of origin and unfair competition, and a misleading description and representation of fact.

76. Plaintiff's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. As a direct and proximate result of Plaintiff's acts, Defendant is immediately and irreparably damaged by Plaintiff's attempt to end Defendant's ability to use its name, logo, website, and to reap the rewards of its own significant investments in advertising these things to the public to attract clients to Defendant's firm.

78. Defendant is entitled to actual damages, costs, and injunctive relief if necessary.

79. Plaintiff's willful behavior merits punitive damages as well.

**Counterclaim 4: Unfair Competition Under Cal. Bus. & Prof. Code § 172000 and the Common Law**

80. Defendant hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

81. Cal. Bus. & Prof. Code § 172000, et seq., states that unfair competition shall mean and include any "unlawful, unfair, or fraudulent business act or practice."

82. Plaintiff's conduct constitutes unfair business acts and practices because Plaintiff has unfairly claimed overbroad ownership of the term "Bulldog" in a fashion that violates fair use, public domain, the First Amendment and California Constitution analog, and creates a public policy quandary as it may place judges, district attorneys, attorneys general, agency heads, and other public attorneys as well as private counsels at potential risk of facing free speech and fair business suppressive litigation such as this.

83. Plaintiff's attempt to police the legal profession for uses of the term "Bulldog," which it sees as an infringement of its private property, is a fraudulent practice as falsely implies that all uses of this term in the legal profession are endorsed, sold, authorized, or sponsored by Plaintiff all of these uses across the English speaking world tracing back for centuries.

84. As a direct and proximate result of Plaintiff's acts, Defendant is immediately and irreparably damaged by Plaintiff's attempt to end Defendant's ability to use its name, logo, website, and to reap the rewards of its own significant investments in advertising these things to the public to attract clients to Defendant's firm.

85. Defendant is entitled to actual damages, costs, and injunctive relief if necessary.

86. Plaintiff's willful behavior merits punitive damages as well.

**Counterclaim 5: Unjust Enrichment Under Common Law**

87. Defendant hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

88. Plaintiff is inequitably and with unclean hands attempting to claim a right to acquire Defendant's due and right investments made in good faith in its name, logo, website, and other advertising as its own by claiming rights to any use of a bulldog in word or image in the legal profession as Plaintiff's property to have and to hold as its own and the license as it will to its favorites while suing those it disfavors.

89. This is a draconian attempt to resurrect feudal monopolies in contravention of competition common law captured in the *Case of Monopolies* and vindicated by Lord Coke in his *Institutes* as a right of life, which inheres in and is respected by the American body of law known as antitrust law as well as the Patent and Copyright Clause of the U.S. Constitution, which limits the powers of the federal government and the court to grant only the limited monopolies needed to protect authors and inventors' rights of life, which is the right to make a living.  Here that right is being violated by Plaintiff's overextension of monopoly rights styled as unfair competition and trademark infringement here. 3 Edward Coke, *Institutes* *181 ("Thou shalt not take the nether or upper millstone to pledge, for he taketh a man's life." (quoting DEUTERONOMY 24:6)).

90. As a direct and proximate result of Plaintiff's acts, Defendant is immediately and irreparably damaged by Plaintiff's attempt to end Defendant's ability to use its name, logo, website, and to reap the rewards of its own significant investments in advertising these things to the public to attract clients to Defendant's firm.

91. Defendant is entitled to actual damages, costs, and injunctive relief if necessary.

92. Plaintiff's willful behavior merits punitive damages as well.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant requests judgement against the Defendant as follows:

1. Deny Plaintiff's Request for Relief paragraphs 1 through 16.

2. Dismiss the Complaint with prejudice.

3. For damages in an amount to be proven at trial for trademark misuse or abuse, First Amendment and California Constitutional analog prior restraint on speech, federal, state and common law unfair competition, and unjust enrichment as alleged in the counterclaims above.

4. Injunctive relief barring Plaintiff from abusing judicial process by seeking overly extensive enforcement of the term "Bulldog" through trademark law or unfair competition law.

5. Grant declaratory judgment of non-infringement, and cancellation of trademark registrations for the BULLDOG ATTORNEYS Mark (Registration No. 6304103), and  (Reg. No. 5295946), and  (Reg. No. 6152296).

6. Grant declaratory judgment that all related marks involving the term "Bulldog" currently pending and alleged to be owned by Plaintiff to be not constitute a trademarkable content and to be not registrable.

7. Grant declaratory judgment that Plaintiff's attempt to police the legal profession's use of the term "Bulldog" inequitable, unworkable, impracticable, a violation of fair use and the First Amendment, and an improper attempt to monetize the public domain by asserting an overbroad interest in the term "Bulldog".

8. Grant declaratory judgment that the term "Bulldog" when used in a trademark offers only a thin protection under fair use doctrine and the First Amendment to the exact terms used in

the exact order of words and images in conjunction with the exact type of legal services offered by Plaintiff.

9. Grant declaratory judgment that the use of the term "Bulldog" in Defendant's name and logo is a transformative use of the term "Bulldog" that meaningfully distinguishes it from the Plaintiff's alleged marks the mitigates or altogether precludes any likelihood of confusion, mistake, or deception.

10. Grant declaratory judgment that no damages, no infringement, and no standing.

11. Grant a declaratory judgment that public policy requires descriptive terms like bulldog in the public domain remain free and open for use by the legal profession to preserve the public nature of legal practice from the ownership of private parties.

12. Grant a declaratory judgment that Defendant's use of the term "Bulldog" in its name, in its logo, and in other advertising is protected First Amendment speech.

13. Grant a declaratory judgment that Defendant's use of the term "Bulldog" in its name, in its logo, and in other advertising is protected by fair use doctrine.

14. Grant a declaratory judgment that Plaintiff's attempt to monetize the term "Bulldog" by claiming investments made by Defendant in its name, logo, website, and other advertising is unjust enrichment and an abuse of trademark and unfair competition law to reap where others have sown.

15. For reasonable attorneys' fees and all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

**REQUEST FOR JURY TRIAL**

Defendant demands a jury trial on all triable issues.

**Dated**: April 28, 2025,        ***By**: /s/ Joshua J. Schroader*
Attorney for Defendant
And on Behalf of Mario Tafur
Bulldog Law, P.C.