UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULKERSON, LLP,<br><br>                Plaintiff,<br><br>v.<br><br>BULLDOG LAW, PC,<br><br>              Defendant. | Case No.:  25-cv-551-AGS-KSC<br><br>**ORDER RESETTING EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE;**<br><br>**DIRECTING DEFENDANT AND DEFENDANT'S COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED;**<br><br>**AND SETTING HEARING THEREON** |

On April 9, 2025, the Court issued a Notice and Order setting this case for an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") on May 15, 2025. Doc. No. 7 (the "ENE Order"). The ENE Order requires the parties take specific action before the ENE and CMC, including "emailing participant information," "lodg[ing] a Confidential ENE Statement by email," "mak[ing] the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A-D)" and "fil[ing] a Joint Discovery Plan on the CM/ECF system no later than **May 8, 2025**." *Id.* at 2–4.

On May 9, 2025, noting "[t]he parties have not filed their Joint Discovery Plan and defendant has not lodged its [ENE] brief and participant information with Chambers," the Court issued the following Order:

> The parties are directed to fully comply with the Notice and Order Setting Early Neutral Evaluation Conference; Rule 26 Compliance; and Case Management Conference as soon as practicable, and in no event later than **May 12, 2025**. Counsel and the parties are cautioned any further failures to comply with the Court's orders may result in the imposition of sanctions.

Doc. No. 13 (the "May 9, 2025 Order").

On May 13, 2025, one day after the extended deadline, the parties filed a Joint Discovery Plan. Doc. No. 14. Although the Court requires parties state in the Joint Discovery Plan "[w]hether the required Rule 26(a) initial disclosures have been made by all parties [and, i]f not, describe what arrangements have been made to complete the disclosures and when initial disclosures will be completed," defendant did not include any such information. *cf. Magistrate Judge Crawford's Civil Chambers*, Rule III.C.2. and Doc. No. 14 at 2.

Further, as of today, defendant still has not lodged its ENE brief or participant information, despite multiple orders indicating exactly what needed to be done and even with the Court extending missed deadlines and cautioning defendant about the potential consequences of not complying with court orders.

## I.    The Court Resets the ENE and CMC and Related Deadlines

The purpose of the Court's pre-conference procedures is to facilitate settlement either at or prior to the ENE. Failure to follow the Court's orders impedes settlement. Accordingly, the ENE and CMC currently set for May 15, 2025, are **VACATED** and the Court and reset for **June 4, 2025**, at **9:30 a.m.** and will be held by Zoom.

Defendant's counsel of record, Mario P. Tafur, is directed to read the Court's ENE Order, May 9, 2025 Order, and the undersigned's Civil Chambers Rules no later than **May 15, 2025**.

If defendant has not yet done so, it must produce to plaintiff defendant's Rule 26(a) initial disclosures no later than **May 26, 2025**.

Defendant must lodge its ENE brief and participant information no later than **May 28, 2025**.

No later than **May 28, 2025,** Mr. Tafur must file a declaration certifying: (1) he has read the Court's ENE Order, May 9, 2025 Order, and Civil Chambers Rules; and (2) defendant has produced its Rule 26(a) initial disclosures; and (3) defendant has lodged its ENE brief and participant information.

## II. Defendant and Mr. Tafur are Directed to Show Cause Why Sanctions Should Not be Imposed

**Defendant and Mr. Tafur are ordered to show cause why they should not be sanctioned for failing to comply with the ENE and May 9, 2025 Orders.** Defendant *and* Mr. Tafur shall file declarations, executed under penalty of perjury, on or before **May 28, 2025**, explaining why the Court should not impose sanctions, jointly or severally, for their failure to comply with the Court's ENE and May 9, 2025 Orders including their failure to:

(1) Participate in the timely filing of the Joint Discovery Plan;

(2) Timely certify defendant has made its Rule 26(a) initial disclosures; and

(3) Timely lodge defendant's ENE brief and participant information.

The Court will hold a hearing by Zoom on this Order to Show Cause upon conclusion of the ENE and CMC on **June 4, 2025**, at **9:30 a.m.** Defendant's representative and Mr. Tafur shall appear at the hearing.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Hon. Karen S. Crawford
United States Magistrate Judge

25-cv-551-AGS-KSC