UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BATTA FULKERSON, LLP,

                    Plaintiff,

v.

BULLDOG LAW, PC,

                    Defendant.

Case No.:  25-cv-551-AGS-KSC

**ORDER FOLLOWING DISCOVERY CONFERENCE**

The Court held a Discovery Conference on September 19, 2025 to address a discovery dispute raised by the parties in their September 10, 2025, Joint Discovery Statement. App'x. A. For the reasons explained in the Court's ruling on the record:

Defendant must provide full and complete formal responses to plaintiff's Revised First Set of Interrogatories on or before **October 3, 2025**. *Id.* Defendant has not shown good cause for its failure to timely respond and, therefore, has waived all objections to these discovery requests. *See* FRCP 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Defendant must provide a formal response to plaintiff's First Set of Requests for Production ("RFP") and produce non-privileged documents responsive to RFP No. 11, 12, and 26 on or before **October 3, 2025**. App'x. B. Defendant must also produce non-

1

25-cv-551-AGS-KSC

privileged documents responsive to RFP 14 on or before **October 3, 2025**, unless the parties agree to stipulate to facts relevant to defendant's ownership and registration of thebulldog.law domain in lieu of production. *Id.*

If defendant withholds any documents based on objection, its response "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). If any documents are withheld "based on a claimed protection or privilege [defendant] must identify the withheld documents in a manner such that the requesting party can reasonably identify and challenge the withholding of the documents." Chambers Rules for Civil Pretrial Proceedings, IX.

**IT IS SO ORDERED.**

Dated:  September 19, 2025

Hon. Karen S. Crawford
United States Magistrate Judge

25-cv-551-AGS-KSC

# Appendix A

September 10, 2025

The Honorable Karen S. Crawford
United States Magistrate Judge
U.S. District Court for the Southern District of California
333 West Broadway
San Diego, CA 92101

Re:    Batta Fulkerson LLP v. Bulldog Law, P.C., Case No. 25-CV-551-AGS-KSC,
       Discovery Dispute

Dear Judge Crawford:

Pursuant to the Court's Chambers Rules, Plaintiff Batta Fulkerson LLP ("Plaintiff") and Defendant Bulldog Law, P.C. ("Defendant") respectfully submit this Joint Discovery Statement regarding Defendant's responses to Plaintiff's First Set of Requests for Production ("RFPs") and Interrogatories. Although the Court ordered Defendant to produce responsive documents by August 13, 2025, and then by September 2, Plaintiff contends that few additional documents have been produced to date. The parties conferred by video conference on September 8, 2025, but despite good-faith efforts, the parties remain at an impasse on several critical issues. Plaintiff is scheduled to conduct its deposition of Defendant on September 18, 2025.

### 1. Compliance with the 30-Day Rule

Plaintiff served its First Set of RFPs on June 13, 2025. After an agreed extension, Defendant's responses were due July 20, 2025, but were served on July 25, 2025. Plaintiff identified deficiencies and sent follow-up correspondence on July 31 and August 4, 2025. Plaintiff also served Interrogatories on July 14, 2025, to which no objections or responses were served. Plaintiff emailed Defendant on August 19, 2025 regarding overdue responses. At the August 8, 2025 case management conference, the Court directed the parties to meet and confer on the adequacy of Defendant's discovery responses. The parties submitted a joint letter outlining the dispute on August 21, 2025.  On August 29, 2025, Ms. Kelley Becker emailed the parties the following instruction:

> Thank you for that information.  Based on your representation, Judge Crawford orders defendant to make a supplemental production on or before September 2, 2025.  If the supplemental production does not resolve the parties' dispute, lead counsel must promptly meet and confer in person or by video-conference regarding all disputed issues, pursuant to Magistrate Judge Crawford's *Chamber Rules for Civil Pretrial Procedures*, VIII.A. If the parties fail to resolve their dispute through the meet and confer process, then counsel for all parties shall email a Joint Discovery Statement to the Court on or before September 19, 2025.

Counsel for the parties conferred via video conference on September 9, 2025, but were unable to resolve the issues set forth herein. The present dispute is therefore timely.

1

### 2.  Requests in Dispute and Positions of the Parties

**Plaintiff's Position**

Defendant's discovery responses remain incomplete. Defendant refuses to produce financial records (RFP 12) central to Lanham Act damages. Advertising/marketing records (RFPs 11, 19, 26) and consumer complaint/confusion evidence (RFPs 28–29) have not been produced beyond minimal materials. Defendant refuses to produce documents related to the infringing domain name, any produced only a screenshot of a WhoIs page (RFP 14). Defendant's "none" responses fail to state whether documents exist after a reasonable search, contrary to Rule 34(b)(2)(C). Defendant also has not served any responses or objections to Plaintiff's Revised Interrogatories served July 14, 2025, despite counsel's multiple follow up requests. Objections are waived. Plaintiff requests complete production and amended responses.

**Defendant's Position**

 Defendant objected to RFP 12 seeking financial records (revenue and profits) as damages require proof of confusion (*Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019)), which is lacking (Compl. ¶ 21). Re: (RFPs 11, 19, 26) Defendant has produced "advertising expenditures" for 2024, providing contracts for iHeart Radio and billboard display vendor (2025 to be produced – no prior years available). Defendant advised Plaintiff a "None" response means none exist. Unknown what Plaintiff references as refusal re: RFP 14 - Defendant provided the WhoIs.com registration page. Defendant provided response to RFP 28-29 (Google review page) as discussed at the "meet and confer". Plaintiff improperly served in excess of 30 interrogatories, then served additional interrogatories after Defendant's objection. No responses required to interrogatories served in excess of number permitted. Exhibit "A" does not reflect supplemental production or "meet and confer" disclosures.

### 3.  Availability for Conference

Counsel for both parties are available for a discovery conference on:
   1. September 12, 2025
   2. September 16, 2025
   3. September 17, 2025

### 4.  Meet and Confer Efforts

The parties have exchanged extensive correspondence, including Plaintiff's letters dated July 17, July 31, and August 4, 2025, Defendant's responses of August 12 and 20, 2025, and Plaintiff's additional email on August 19, 2025 regarding overdue interrogatory responses. Plaintiff also sent a detailed meet-and-confer email on September 5, 2025, outlining remaining deficiencies. The parties conferred by video conference on August 13, 2025, and again on September 8, 2025. At both conferences, Defendant maintained certain objections. Despite these efforts, the parties remain at an impasse and require Court intervention.

### 5.  Exhibits

Per the Court's Chamber Rules, attached hereto as Exhibit A are the disputed RFPs and Defendant's responses, reproduced in full. These excerpts include the text of the requests, the responses, and the objections.

Respectfully submitted,

*/s/ Amanda L. Bruss*
Amanda L. Bruss, Esq.
Trestle Law, APC
Counsel for Plaintiff Batta Fulkerson LLP

*/s/ Philip R. Berwish*
Philip R. Berwish, Esq.
Of Counsel, Bulldog Law, P.C.
Counsel for Defendant

## Exhibit A

Excerpts from Defendant's Responses to Plaintiff's First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 11:** All marketing plans, brand guidelines, and promotional materials relating to the BULLDOG LAW name or logo.

**Response #11**
Objection. The terms "promotional materials" and "all marketing plans" are overbroad and undefined. Without waiving objection Defendant refers Plaintiff to his Response #8, above and, further states there no "brand guidelines" as Defendant understands the term

**REQUEST FOR PRODUCTION NO. 12**: Documents sufficient to show gross revenue, net profits, and advertising expenditures from January 1, 2022, to present, attributable to use of the BULLDOG LAW mark.

**Response #12**
Objection to production of revenue and profits as irrelevant, as damages require proof of confusion (*Thermolife Int'! LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019)), which is lacking (Compl. ¶ 21) Further objection to production of revenues alleged to be "attributable to use of the BULLDOG LAW mark" as revenues are earned from legal services provided. Object to producing "Advertising expenditures" as overbroad, burdensome and not reasonably calculated to lead to discoverable information.

**REQUEST FOR PRODUCTION NO. 13:** All business plans, investor materials, or strategy presentations referencing BULLDOG LAW.

**Response #13**
Objection. The Request is overbroad, irrelevant and unduly vague. Without waiving the forgoing objection, Defendant states no plans or materials are referenced in filings or on-line. If any exist, they would irrelevant, proprietary and outside the scope of the Request's relevant dates (January 1, 2022-present). Defendant [sic]

**REQUEST FOR PRODUCTION NO. 14**: All documents registration or use of www.thebulldog.law or any similar domain name.

**Response #14**
Objection. Information responsive to this Request is publicly and equally available to the Plaintiff via Whols.

**REQUEST FOR PRODUCTION NO. 19:** All documents concerning consultations with marketing, branding, or legal professionals relating to Your use of the BULLDOG LAW name.

**Response #19**

4

Objection to any Request seeking documents relating to consultation with legal professionals as improper and violating the attorney-client privilege and/or work product privilege. Without waiving the forgoing objection Defendant states it is currently unaware of specific documents concerning consultations with marketing, branding, or legal professionals regarding the use of the "BULLDOG LAW" name. The website content (https://www.thebulldog.law/) describes the firm's branding as "Our Attorneys Are True Bulldogs: Determined And Tenacious," a branding choice tied to the term's descriptive nature.

**REQUEST FOR PRODUCTION NO. 26:** Documents sufficient to show each way in which You made or are making use of the BULLDOG LAW mark in commerce, including ads, contracts, invoices, business cards, or social media posts.

**Response #26**
Objection. The Request is overbroad, unduly burdensome and vague, in that it seeks documents "sufficient to show", which is a vague, subjective, and undefined term.

**REQUEST FOR PRODUCTION NO. 27:** Documents sufficient to identify each person involved in selecting, reviewing, or approving the BULLDOG LAW name or logo.

**Response #27**
Objection. The Request is overbroad and unduly vague, in that it seeks documents "sufficient to show", which is a vague, subjective, and undefined term.

**REQUEST FOR PRODUCTION NO. 28**: All documents and communications, from January 1, 2022 to present, concerning any negative reviews, complaints, criticisms, or adverse feedback received in connection with services provided under the name BULLDOG LAW, including but not limited to reviews on Google, Yelp, Avvo, Better Business Bureau, social media platforms, or internal client surveys.

**Response #28**
Objection. The Request is overbroad, propounded in bad faith solely for purposes of harassment, seeking reviews on Google, Yelp, Avvo, Better Business Bureau, social media platforms, which information is equally available to the Plaintiff.  In addition, if any such complaints existed Defendant's response would improperly disclose an attorney-client relationship which is not within the Defendant's privilege to do.

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications relating to any responses by You, or on Your behalf, to any negative or critical reviews or complaints concerning services provided under the BULLDOG LAW name.

**Response #29**
Defendant is aware of a response to a negative Google review, which was flagged for violating Google's policies and addressed in compliance with California Bar Association guidelines. Additionally, Defendant's response to Plaintiff's demand letter (related to the trademark opposition filed before June 3, 2025) may be relevant if Plaintiff's letter is categorized as a complaint.

Plaintiff's Interrogatories (no response has been provided)

Kristen G. Roberts, Esq. (275552)
Amanda Bruss, Esq. (246249)
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
(619) 289-8939
kristen@trestlelaw.com
amanda@trestlelaw.com
*Attorneys for Plaintiff Batta Fulkerson, LLP*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULERSON, LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>BULLDOG LAW, PC, a California Professional Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 25CV551 AGS KSC<br><br>**PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES TO DEFENDANT**<br>[Fed. R. Civ. P. 33] |

**PROPOUNDING PARTY:** Plaintiff Batta Fulkerson, LLP

**RESPONDING PARTY:** Defendant Bulldog Law, P.C.

**SET NO:** One

The following interrogatories are propounded pursuant to Fed. R. Civ. P. 33 and Local Rules of the U.S. District Court for the Central District of California. Each item must be responded to fully, in writing, and under oath. If any item is objected to, state the specific grounds for objection. If You withhold any

PLAINTIFF'S FIRST SET OF INTERROGATORIES                    25-CV-551-AGS-KSC
TO DEFENDANT

-1-

information or documents on the basis of privilege, You must provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5) and Local Rule 26-2.

## DEFINITIONS

1. **"Document"** shall be construed in the broadest sense permissible under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, the original and any non-identical copy, whether different from the original by reason of any notation made on such copy or otherwise, of writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—whether printed, recorded, or stored in any form or medium (including electronically stored information ("ESI"))—from which information can be obtained, translated, if necessary, by the responding party into reasonably usable form. This includes, but is not limited to, correspondence, letters, emails, text messages, social media content (including posts, direct messages, and metadata), memoranda, notes, diaries, calendars, telephone message logs, voicemail transcripts, contracts, agreements, business plans, marketing materials, promotional content, financial records, invoices, receipts, ledgers, audio or video recordings, and computer files or databases.

2. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form or format, including but not limited to oral, written, printed, recorded, or electronic communications, including emails, letters, text messages, Slack or chat platform messages, voicemails, in-person meetings, and telephone calls, whether internal or external.

3. **"You," "Your," or "Defendant"** refers to Bulldog Law, P.C., including its officers, directors, partners, employees, agents, attorneys, representatives, consultants, and any other person or entity acting or purporting to act on its behalf or under its control.

PLAINTIFF'S FIRST SET OF INTERROGATORIES                    25-CV-551-AGS-KSC
TO DEFENDANT

-2-

4. **"Plaintiff"** means Batta Fulkerson, LLP, including its partners, employees, agents, or representatives.

5. **"Person"** includes any natural person, corporation, partnership, joint venture, association, governmental entity, or other legal or business entity or group, whether or not formally organized.

6. **"Identify"** (when used with respect to a person) means to provide the person's full name, job title, current or last known business address and telephone number, and relationship to the parties in this case.

7. **"Identify"** (when used with respect to a document) means to provide the title, author, recipient, type of document, date, and Bates number (if known), and to state the location or custodian of the original and any copies.

8. **"Mark"** refers to any word, phrase, logo, slogan, domain name, trade name, or design that functions or is intended to function as a source identifier, whether or not registered with the United States Patent and Trademark Office (USPTO).

9. **"BULLDOG ATTORNEYS Mark"** refers to Plaintiff's federally registered trademark BULLDOG ATTORNEYS and all related marks referenced in the Complaint, including THE BULLDOG LAWYER, INJURED IN AN ACCIDENT? HIRE A BULLDOG ATTORNEY, Plaintiff's Registered Design Marks, and any common law trademarks incorporating "BULLDOG" used by Plaintiff in connection with legal services.

10. **"BULLDOG LAW Mark"** refers to Defendant's use of the name "BULLDOG LAW," associated design marks, taglines, slogans, logos, domain names, and any other brand elements incorporating "BULLDOG" used in connection with legal services.

11. **"Relating to," "Concerning," "Referring to," or "Regarding"** means referring to, reflecting, describing, evidencing, constituting, identifying,

PLAINTIFF'S FIRST SET OF INTERROGATORIES          25-CV-551-AGS-KSC
TO DEFENDANT

-3-

containing, pertaining to, addressing, discussing, analyzing, evaluating, or in any way being logically or factually connected with the subject matter of the request.

12. **"Including"** means including but not limited to.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons involved in the selection, adoption, approval, or review of the BULLDOG LAW name or mark, including their titles, dates of involvement, and role in the decision-making process.

**INTERROGATORY NO. 2:** Describe all steps taken to investigate or clear the BULLDOG LAW name prior to its use, including any trademark or internet searches, consultations with counsel, or review of competing marks.

**INTERROGATORY NO. 3**: Identify all persons or entities that provided You with advice or trademark clearance related to the BULLDOG LAW name, including the nature and date of the advice received.

**INTERROGATORY NO. 4:** Identify all domain names owned or controlled by You that include the term 'BULLDOG' and describe the purpose and use of each domain.

**INTERROGATORY NO. 5:** State the date when You first became aware of Plaintiff's BULLDOG ATTORNEYS mark and describe how You became aware.

**INTERROGATORY NO. 6**: Identify all communications You have had with third parties regarding Plaintiff or its trademarks, including customers, competitors, media, or members of the public.

**INTERROGATORY NO. 7:** Describe any instances where You were informed of, or observed, confusion between Your business and Plaintiff.

**INTERROGATORY NO. 8:** Describe all instances in which any person, including clients, potential clients, or members of the public, contacted You in an attempt to reach or communicate with Plaintiff, including the date of the contact, the identity of the person (if known), the substance of the communication, and how You responded.

**INTERROGATORY NO. 9:** Identify all taglines, slogans, or branding statements You have used or considered using in connection with BULLDOG LAW since its adoption.

**INTERROGATORY NO. 10:** Identify all jurisdictions where You have offered, advertised, or provided legal services using the BULLDOG LAW mark.

**INTERROGATORY NO. 11**: Identify all persons with knowledge of the facts underlying Your affirmative defenses, including laches, genericness, fair use, and First Amendment defenses, and state the subject matter of their knowledge.

**INTERROGATORY NO. 12:** Identify all persons with knowledge supporting Your counterclaims, including claims for cancellation of Plaintiff's marks, and state the subject matter of their knowledge.

**INTERROGATORY NO. 13:** Identify and describe all documents that support or refute any of Your affirmative defenses or counterclaims.

**INTERROGATORY NO. 14:** Describe the factual basis for Your contention that Plaintiff's marks are generic, descriptive, or lack secondary meaning.

PLAINTIFF'S FIRST SET OF INTERROGATORIES          25-CV-551-AGS-KSC
TO DEFENDANT

**INTERROGATORY NO. 15:** State whether You are aware of any third-party use of BULLDOG or similar marks as source identifiers in the legal field and describe the basis for that knowledge.

**INTERROGATORY NO. 16:** Describe the process by which You developed Your current marketing strategy, including who was involved, and whether any competitor marks or firms were considered.

**INTERROGATORY NO. 17:** Identify and describe any and all negative reviews, complaints, or criticisms received concerning Your services under the BULLDOG LAW name since January 1, 2022, including the date, platform or medium on which they were received, the nature of the complaint, and any actions You took in response.

**INTERROGATORY NO. 18:** If You deny Request for Admission No. 3, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

**INTERROGATORY NO. 19**: If You deny Request for Admission No. 4, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

**INTERROGATORY NO. 20:** If You deny Request for Admission No. 21, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

**INTERROGATORY NO. 21:** If You deny Request for Admission No. 24, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

PLAINTIFF'S FIRST SET OF INTERROGATORIES                25-CV-551-AGS-KSC
TO DEFENDANT

-6-

**INTERROGATORY NO. 22:** If You deny Request for Admission No. 25, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

**INTERROGATORY NO. 23:** If You deny Request for Admission No. 26, state all facts supporting Your denial and identify all documents and persons with knowledge relating to that denial.

Dated: July 14, 2025

*s/ Amanda L. Bruss*

Amanda Bruss, Esq. (# 246249)
Kristen G. Roberts, Esq. (# 275552)
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
(619) 289-8939
kristen@trestlelaw.com
amanda@trestlelaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I served a true and correct copy of the foregoing PLAINTIFF'S REVISED FIRST SET OF INTERROGATORIES TO DEFENDANT by email to the following:

Mario Tafur
Bulldog Law, P.C.
500 N. Central Avenue Suite 610
 Glendale, Ca 91203
Mario@thebulldog.law
elsy@thebulldog.law


By:   */s/Amanda L.  Bruss*
        Amanda L. Bruss
        Trestle Law, APC

# Appendix B

Kristen G. Roberts, Esq. (275552)
Amanda Bruss, Esq. (246249)
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
(619) 289-8939
kristen@trestlelaw.com
amanda@trestlelaw.com
*Attorneys for Plaintiff Batta Fulkerson, LLP*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULERSON, LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>BULLDOG LAW, PC, a California Professional Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 25CV551 AGS KSC<br><br>PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT<br>[Fed. R. Civ. P. 34] |

**PROPOUNDING PARTY:** Plaintiff Batta Fulkerson, LLP

**RESPONDING PARTY:** Defendant Bulldog Law, P.C.

**SET NO:** One

The following requests for production of documents are propounded pursuant to Fed. R. Civ. P. 34 and Local Rules of the U.S. District Court for the Central District of California. Each item must be responded to fully, in writing, and under oath. If any item is objected to, state the specific grounds for objection. If You

withhold any information or documents on the basis of privilege, You must provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5) and Local Rule 26-2.

## DEFINITIONS

1. **"Document"** shall be construed in the broadest sense permissible under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, the original and any non-identical copy, whether different from the original by reason of any notation made on such copy or otherwise, of writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—whether printed, recorded, or stored in any form or medium (including electronically stored information ("ESI"))—from which information can be obtained, translated, if necessary, by the responding party into reasonably usable form. This includes, but is not limited to, correspondence, letters, emails, text messages, social media content (including posts, direct messages, and metadata), memoranda, notes, diaries, calendars, telephone message logs, voicemail transcripts, contracts, agreements, business plans, marketing materials, promotional content, financial records, invoices, receipts, ledgers, audio or video recordings, and computer files or databases.

2. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form or format, including but not limited to oral, written, printed, recorded, or electronic communications, including emails, letters, text messages, Slack or chat platform messages, voicemails, in-person meetings, and telephone calls, whether internal or external.

3. **"You," "Your," or "Defendant"** refers to Bulldog Law, P.C., including its officers, directors, partners, employees, agents, attorneys, representatives, consultants, and any other person or entity acting or purporting to act on its behalf or under its control.

PLAINTIFF'S FIRST SET OF REQUESTS FOR          25-CV-551-AGS-KSC
PRODUCTION OF DOCUMENTS TO DEFENDANT
-2-

4. **"Plaintiff"** means Batta Fulkerson, LLP, including its partners, employees, agents, or representatives.

5. **"Person"** includes any natural person, corporation, partnership, joint venture, association, governmental entity, or other legal or business entity or group, whether or not formally organized.

6. **"Identify"** (when used with respect to a person) means to provide the person's full name, job title, current or last known business address and telephone number, and relationship to the parties in this case.

7. **"Identify"** (when used with respect to a document) means to provide the title, author, recipient, type of document, date, and Bates number (if known), and to state the location or custodian of the original and any copies.

8. **"Mark"** refers to any word, phrase, logo, slogan, domain name, trade name, or design that functions or is intended to function as a source identifier, whether or not registered with the United States Patent and Trademark Office (USPTO).

9. **"BULLDOG ATTORNEYS Mark"** refers to Plaintiff's federally registered trademark BULLDOG ATTORNEYS and all related marks referenced in the Complaint, including THE BULLDOG LAWYER, INJURED IN AN ACCIDENT? HIRE A BULLDOG ATTORNEY, Plaintiff's Registered Design Marks, and any common law trademarks incorporating "BULLDOG" used by Plaintiff in connection with legal services.

10. **"BULLDOG LAW Mark"** refers to Defendant's use of the name "BULLDOG LAW," associated design marks, taglines, slogans, logos, domain names, and any other brand elements incorporating "BULLDOG" used in connection with legal services.

11. **"Relating to," "Concerning," "Referring to," or "Regarding"** means referring to, reflecting, describing, evidencing, constituting, identifying,

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT                25-CV-551-AGS-KSC

-3-

containing, pertaining to, addressing, discussing, analyzing, evaluating, or in any way being logically or factually connected with the subject matter of the request.

12. **"Including"** means including but not limited to.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All documents, from January 1, 2022 to present, reflecting any trademark clearance search, investigation, or analysis relating to the name 'BULLDOG LAW,' any logos incorporating the term 'BULLDOG,' or any similar marks.

**REQUEST FOR PRODUCTION NO. 2**: All documents, from January 1, 2022 to present, reflecting any trademark clearance search, investigation, or analysis relating to the tagline, 'Determined and Tenacious.'

**REQUEST FOR PRODUCTION NO. 3**: All documents concerning the development or adoption of the tagline 'Determined and Tenacious' or any similar phrases, from January 1, 2022 to present.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications, from January 1, 2022 to present, concerning the selection, adoption, or continued use of the BULLDOG LAW name, including evaluations and internal discussions.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications, from January 1, 2022 to present, reflecting any awareness of Plaintiff's BULLDOG ATTORNEYS marks, including but not limited to third-party communications, search results, or internal discussions.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications, from January 1, 2022 to present, reflecting any awareness of Plaintiff's 'Determined and Tenacious' tagline, including but not limited to third-party communications, search results, or internal discussions.

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications relating to actual, potential, or reported consumer confusion between You and Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:** Documents sufficient to show the name(s) or branding used by You for legal services in the five years prior to adopting BULLDOG LAW.

**REQUEST FOR PRODUCTION NO. 9**: All documents relating to any acquisition, license, or assignment of rights to use 'BULLDOG' in connection with legal services, including agreements and due diligence materials.

**REQUEST FOR PRODUCTION NO. 10:** All representations, warranties, or disclosures provided to or by You relating to any trademark or domain name incorporating 'BULLDOG'.

**REQUEST FOR PRODUCTION NO. 11**: All marketing plans, brand guidelines, and promotional materials relating to the BULLDOG LAW name or logo.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to show gross revenue, net profits, and advertising expenditures from January 1, 2022, to present, attributable to use of the BULLDOG LAW mark.

**REQUEST FOR PRODUCTION NO. 13**: All business plans, investor materials, or strategy presentations referencing BULLDOG LAW.

**REQUEST FOR PRODUCTION NO. 14**: All documents concerning registration or use of www.thebulldog.law or any similar domain name.

**REQUEST FOR PRODUCTION NO. 15**: All documents reflecting legal advice received concerning trademark rights in BULLDOG LAW or risk of infringement.

**REQUEST FOR PRODUCTION NO. 16:** All documents supporting any affirmative defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 17:** All documents supporting Your contention that Plaintiff's trademarks are generic, descriptive, abandoned, or lack secondary meaning.

**REQUEST FOR PRODUCTION NO. 18**: All documents relating to third-party use of similar marks for legal services, including screenshots, search results, or publications.

**REQUEST FOR PRODUCTION NO. 19**: All documents concerning consultations with marketing, branding, or legal professionals relating to Your use of the BULLDOG LAW name.

**REQUEST FOR PRODUCTION NO. 20:** All documents mentioning Plaintiff or Batta Fulkerson LLP, including its marks, branding, or reputation.

**REQUEST FOR PRODUCTION NO. 21:** Documents sufficient to identify all jurisdictions where BULLDOG LAW-branded services have been offered or advertised by You.

**REQUEST FOR PRODUCTION NO. 22**: All Your policies, procedures, or internal guidelines concerning trademark clearance or brand adoption.

**REQUEST FOR PRODUCTION NO. 23:** All drafts of and communications concerning Your USPTO application for the BULLDOG LAW design mark.

**REQUEST FOR PRODUCTION NO. 24:** All documents You intend to rely upon in support of Your counterclaims.

**REQUEST FOR PRODUCTION NO. 25:** All documents you relied on in determining that Your use of the BULLDOG LAW mark was lawful.

**REQUEST FOR PRODUCTION NO. 26:** Documents sufficient to show each way in which You made or are making use of the BULLDOG LAW mark in commerce, including ads, contracts, invoices, business cards, or social media posts.

**REQUEST FOR PRODUCTION NO. 27:** Documents sufficient to identify each person involved in selecting, reviewing, or approving the BULLDOG LAW name or logo.

**REQUEST FOR PRODUCTION NO. 28:** All documents and communications, from January 1, 2022 to present, concerning any negative reviews, complaints, criticisms, or adverse feedback received in connection with services provided under the name BULLDOG LAW, including but not limited to reviews on Google, Yelp, Avvo, Better Business Bureau, social media platforms, or internal client surveys.

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications relating to any responses by You, or on Your behalf, to any negative or critical

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

25-CV-551-AGS-KSC

-7-

reviews or complaints concerning services provided under the BULLDOG LAW name.

**REQUEST FOR PRODUCTION NO. 30:** All documents identified in Your responses to Plaintiff's Interrogatories.

Dated: June 13, 2025

*s/ Amanda L. Bruss*

Amanda Bruss, Esq. (# 246249)
Kristen G. Roberts, Esq. (# 275552)
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
(619) 289-8939
kristen@trestlelaw.com
amanda@trestlelaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I served a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT by email to the following:

> Mario Tafur
> Bulldog Law, P.C.
> 500 N. Central Avenue Suite 610
>  Glendale, Ca 91203
> Mario@thebulldog.law
> elsy@thebulldog.law

By:   */s/Amanda L.  Bruss*
      Amanda L. Bruss
      Trestle Law, APC