UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULKERSON, LLP,<br><br>                    Plaintiff,<br><br>v.<br><br>BULLDOG LAW, PC,<br><br>                    Defendant. | Case No.:  25-cv-551-AGS-KSC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND SETTING BRIEFING SCHEDULE FOR MOTION FOR ATTORNEY FEES AND EXPENSES**<br><br>**DKT. NO. 58** |

Before the Court is plaintiff Batta Fulkerson, LLP's ("Batta Fulkerson") Motion for Sanctions ("Motion") and defendant Bulldog Law, PC's ("Bulldog Law") Opposition to Plaintiff's Motion for Sanctions ("Opposition"). Dkt. Nos. 58, 61. For the reasons discussed below, the Court GRANTS IN PART the Motion.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On March 7, 2025, Batta Fulkerson, a San Diego, California based law firm, filed suit against defendant Bulldog Law, a Glendale, California based law firm. Dkt. No. 1. Batta Fulkerson alleges it "has advertised as 'the bulldog lawyers' since the firm's inception in 2016." *Id.* at 4. It claims to be "the lawful owner of U.S. Registration No. 6304103 for the BULLDOG ATTORNEYS Mark, registered March 30, 2021, for legal

1

services, including legal advice, legal information services, and providing information in the field of law in Class 045," and two registered design marks (Reg. No. 5295946 and Reg. No. 6152296) "for use in connection with 'attorney services' and 'legal advice; legal information services; legal services; providing information in the field of law,' respectively, in International Class 045," which "were first used in commerce in 2017." *Id.* at 3. Batta Fulkerson also alleges it "used the word marks, THE BULLDOG LAWYER, and INJURED IN AN ACCIDENT? HIRE A BULLDOG ATTORNEY, in commerce in connection with, 'attorney services; legal services; legal advisory services; legal consultation services; legal information services; legal support services; information, advisory and consultancy services relating to legal matters; pro bono legal services,' in International Class 045, since at least May 10, 2016," and has applications for these marks pending before the U.S. Patent and Trademark Office (Serial Nos. 98761975 and 98761983). *Id.* at 3-4.

Batta Fulkerson alleges Bulldog Law "was formed on August 30, 2022, and commenced operation as a law firm under the name, BULLDOG LAW at some point thereafter." *Id.* at 4. Batta Fulkerson alleges Bulldog Law's "unauthorized use of marks substantially similar to plaintiff's trademarks in connection with services identical to those provided by plaintiff" supports the causes of action: (1) Trademark Infringement Under the Lanham Act; (2) Common Law Trademark Infringement; (3) Unfair Competition Under the Lanham Act; (4) False Designation of Origin Under the Lanham Act; (5) Violation of 15 U.S.C. § 1125(D); (6) Unfair Competition Under Cal. Bus. & Prof. Code § 17200; and (7) Unjust Enrichment. *Id.* at 2.

Bulldog Law filed its Answer and Counterclaims on April 7, 2025, and Amended Answer and Counterclaims on April 28, 2025. Dkt. Nos. 6, 8. Bulldog Law generally denies the validity of Batta Fulkerson's claimed marks and seeks "a declaration that [Bulldog Law's] use of 'BULLDOG LAW' does not infringe plaintiff's alleged marks, and [requests the Court] cancel plaintiff's registered trademarks insofar as the court finds that they are generic, descriptive without secondary meaning, or abandoned." Dkt. No. 8 at 7.

2

25-cv-551-AGS-KSC

Bulldog Law also alleges "plaintiff's attempt to police the legal profession for uses of the term 'Bulldog,'" constitutes unfair business acts and practices. *Id.* at 14. Bulldog Law contends these facts support the causes of action: (1) Declaratory Judgment of Non-Infringement and Cancellation of Registered Marks; (2) Violation of the First Amendment and California Article I, § 2 of the California Constitution; (3) Unfair Competition Under Lanham Act, 15 U.S.C. § 1125(a); (4) Unfair Competition Under Cal. Bus. & Prof. Code § 172000 and Common Law; and (5) Unjust Enrichment. Dkt. No. 8.

On June 13, 2025, Batta Fulkerson served its First Set of Requests for Production ("RFPs") on Bulldog Law. Dkt. No. 58-2. On July 14, 2025, Batta Fulkerson served its Revised First Set of Interrogatories ("Revised Interrogatories").[1] Dkt. No. 58-3.

On August 8, 2025, the Court conducted a Status Conference, during which Batta Fulkerson's counsel brought to the Court's attention concerns about Bulldog Law's discovery responses, or lack thereof, and counsel's refusal to meet and confer about discovery or a protective order. Dkt. No. 31. The Court then ordered counsel to "meet and confer regarding: (1) the adequacy of defendant's initial disclosures and discovery responses no later than August 13, 2025; and (2) a protective order no later than August 15, 2025." *Id.*

On August 29, 2025, "[a]fter receiving an update from counsel regarding a dispute about [Bulldog Law's] responses to [Batta Fulkerson's RFPs], the Court order[ed] [Bulldog Law] must make a supplemental production on or before September 2, 2025." Dkt. No. 36.

On September 10, 2025, the parties lodged by email a Joint Discovery Statement informing the Court that counsel had met and conferred regarding Bulldog Law's

---

[1] Batta Fulkerson's Revised First Set of Interrogatories were propounded after Bulldog Law objected wholesale to providing a substantive response to any interrogatory in the First Set of Interrogatories Batta Fulkerson served on June 13, 2025, and contain the only interrogatories currently at issue. Dkt. No. 58 at 3.

25-cv-551-AGS-KSC

document production and failure to respond to the Revised Interrogatories but had reached an impasse. Dkt. No. 42 at 4-27.

On September 19, 2025, the Court conducted a Discovery Conference and ordered:

Defendant must provide full and complete formal responses to plaintiff's Revised First Set of Interrogatories on or before October 3, 2025. [Dkt. No. 42 at 4-17.] Defendant has not shown good cause for its failure to timely respond and, therefore, has waived all objections to these discovery requests. *See* FRCP 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Defendant must provide a formal response to plaintiff's [RFP's] and produce non-privileged documents responsive to RFP Nos. 11, 12, and 26 on or before October 3, 2025. [Dkt. No. 42 at 18-27.] Defendant must also produce non-privileged documents responsive to RFP 14 on or before October 3, 2025, unless the parties agree to stipulate to facts relevant to defendant's ownership and registration of thebulldog.law domain in lieu of production. *Id.*

If defendant withholds any documents based on objection, its response "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). If any documents are withheld "based on a claimed protection or privilege [defendant] must identify the withheld documents in a manner such that the requesting party can reasonably identify and challenge the withholding of the documents." *Chambers Rules for Civil Pretrial Proceedings, IX.*

Dkt. No. 42 at 1-2.

On January 19, 2026, Batta Fulkerson filed the pending Motion, alleging Bulldog Law "has never served any response – substantive or otherwise – to the Revised Interrogatories," and "failed to produce responsive documents in a meaningful or complete manner," and requesting the Court impose terminating or evidentiary sanctions.[2] Dkt. No. 58 at 3-4. Bulldog Law opposes the Motion. Dkt. No. 61.

/ /

---

[2] The Court granted Batta Fulkerson leave to file the Motion and the Court's 30 Day Rule is not applicable. Dkt. Nos. 52. 56.

25-cv-551-AGS-KSC

## II.    LEGAL AUTHORITIES

Batta Fulkerson requests sanctions be imposed against Bulldog Law under: (1) Federal Rule of Civil Procedure 37(b)(2)(A); (2) Federal Rule of Civil Procedure 37(d)(1)(a)(ii); and (3) Federal Rule of Civil Procedure 37(e). Dkt. No. 58 at 7-9. Rule 37(b)(2)(A) allows for the imposition of sanctions for a party's failure to comply with discovery orders. Rule 37(d)(1)(a)(ii) authorizes sanctions for a party's failure to serve "answers, objections, or a written response" to interrogatories. Rule 37(e) provides for sanctions for the spoliation of electronically stored information ("ESI").

District courts in this Circuit apply the preponderance of evidence standard when considering sanctions. *Weride Corp. v. Kun Huang*, Case No. 18-cv-07233-EJD, 2020 WL 1967209 at *9 (N.D. Cal. Apr. 16, 2020).  The court may make factual findings and assess the credibility of witnesses.  Fed. R. Civ. P. 52; *see also Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051,1054 (9th Cir. 1998) (finding willfulness was a fair inference from the fact that witness testimony was not credible).

## III.    DISCUSSION

### A. Failure to Respond to Revised Interrogatories

Batta Fulkerson contends "[d]efendant's complete failure to respond to plaintiff's Revised First Set of Interrogatories," supports the imposition of sanctions under Rule 37(b)(2)(A) and 37(d)(1)(a)(ii). Dkt. No. 58 at 7. Bulldog Law generally argues Batta Fulkerson has engaged in discovery with "unclean hands," but does not address its failure to comply with the Court's order to respond to Batta Fulkerson's Revised Interrogatories or offer any argument as to why it should not be sanctioned for this failure. Dkt. No. 61.

The Federal Rules of Civil Procedure impose on every party a duty to cooperate and comply with the discovery process and to comply with court orders. These obligations are not negated by a claim of unclean hands. Bulldog Law's failure to produce any substantive response to the Revised Interrogatories, despite so being ordered, supports the imposition of sanctions under both Rule 37(b)(2)(A) and 37(d)(1)(a)(ii). *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery,

25-cv-551-AGS-KSC

including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."); *see also* Fed. R. Civ. P. 37(d)(1)(a)(ii) ("The court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response.")

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citation omitted). "If a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders" and may include:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(iii); *see also* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"). "Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

25-cv-551-AGS-KSC

failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); Fed. R. Civ. P. 37(d)(3).

Bulldog Law and counsel offer no justification for their failure to produce Bulldog Law's response to the Revised Interrogatories, or for their failure to comply with the Court's order, so the Court must order they pay Batta Fulkerson's reasonable expenses caused by these failures. *Id.*

Batta Fulkerson requests the Court also strike Bulldog Law's Counterclaims or, alternatively, preclude Bulldog Law from offering evidence or argument at trial relating to Bulldog Law's alleged damages, profits, revenues or lack thereof, marketing efforts or use of the BULLDOG LAW mark; and preclude any argument this mark has not caused consumer confusion. Dkt. No. 58 at 18. A lesser sanction of compelling written discovery responses, in addition to a monetary sanction for Batta Fulkerson's reasonable attorney fees and expenses, is available and sufficient at this time; however, **Bulldog Law and counsel are cautioned that future failures to comply with court orders or discovery obligations will likely result in additional and increased sanctions.**

### B. Bulldog Law's Document Production and Alleged Spoliation of ESI

Batta Fulkerson also seeks sanctions under Rule 37(b)(2)(A), contending Bulldog Law failed to "produce all nonprivileged documents responsive to [RFP] Nos. 11, 12, 14, and 26" and "never provided a privilege log identifying withheld documents, despite so being ordered." Dkt. No. 58 at 7. Batta Fulkerson claims Bulldog Law "produced only a small number of documents on a piecemeal basis, repeatedly re-produced the same limited materials in successive productions, failed to bates stamp documents, and did not produce responsive materials in native format where required. These deficiencies prevented [Batta Fulkerson] from determining whether [Bulldog Law] conducted a reasonable search or produced all responsive documents and substantially prejudiced [Batta Fulkerson]'s ability to litigate its claims and defenses." Dkt. No. 58 at 4. Batta Fulkerson also advocates for terminating sanctions to be imposed under Rule 37(e) for Bulldog Law's alleged failure to preserve ESI. *Id.* at 8-9.

25-cv-551-AGS-KSC

Bulldog Law generally argues Batta Fulkerson "seeks documents not requested," its "discovery demands are no longer proportional to the needs of the case," and it has "unclean hands." Dkt. No. 61. Bulldog Law does not dispute it has not produced a privilege log, nor does it substantively respond to the ESI spoilation argument. *Id.*

Bulldog Law did not timely object to the proportionality of RFP Nos 11, 12, 14, and 26 and, thus, has waived this objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") Moreover, unclean hands by one party does not justify another party's failure to comply with its discovery obligations or Court orders. The Motion, however, does not set forth sufficient facts for the Court to determine whether Bulldog Law has produced sufficient documents responsive to RFP Nos. 11, 12, 14, and 26, or whether ESI "that should have been preserved . . . is lost because [Bulldog Law] failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Moreover, it will be difficult for the Court to address either of these issues given the lack of bates numbers on Bulldog Law's document production. The Court, therefore, addresses the obvious impediment and directs Bulldog Law to assign a unique, sequential bates number to all documents or ESI it has produced thus far, or produces in the future. Moreover, to the extent that Bulldog Law has produced responsive materials that are not in native format, it must "produce [the information] in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E). The Court DENIES WITHOUT PREJUDICE Batta Fulkerson's request for terminating sanctions relating to Bulldog Law's document production.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Batta Fulkerson's Motion with regard to its request for sanctions for Bulldog Law's failure to respond to the Revised Interrogatories and DENIES WITHOUT PREJUDICE Batta Fulkerson's request for

25-cv-551-AGS-KSC

terminating sanctions relating to Bulldog Law's document production. The Court ORDERS:

(1) Bulldog Law must produce full and complete written responses to Batta Fulkerson's Revised First Set of Interrogatories on pleading paper and formatted to conform to Civ. LR 5.1.a. Bulldog Law must serve its written responses on or before **March 27, 2026**;

(2) The parties must assign a unique, sequential bates number to all documents or ESI they produce during this litigation. Bulldog Law must assign a unique, sequential bates number to all documents or ESI it has produced to date, on or before **March 27, 2026**.

(3) To the extent that Bulldog Law has produced responsive materials that are not in native format, it must "produce [the information] in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms" on or before **March 27, 2026**. Fed. R. Civ. P. 34(b)(2)(E).

(4) A telephonic Discovery Conference will be held on **April 17, 2026**, at **11:30 a.m.** The Court will issue conference call instructions prior to the Discovery Conference.  Counsel must file a Joint Status Report regarding the status of Bulldog Law's compliance with this Order on or before **April 10, 2026**.

(5) Bulldog Law, Mario P. Tafur, and Phillip R. Berwish must "pay [Batta Fulkerson's] reasonable expenses, including attorney's fees, caused by the[ir] failure" to produce responses to the Revised Interrogatories. Fed. R. Civ. P. 37(d)(3). Batta Fulkerson's Motion for Attorney Fees and Expenses must be filed on or before **March 20, 2026**. Bulldog Law may file an opposition or other responsive brief on or before **April 3, 2026**.

(6) **The Court again encourages counsel and the parties to work cooperatively in discovery and to adhere to their discovery obligations.** While the Court has denied Batta Fulkerson's request for sanctions for Bulldog Law's alleged failure to comply with the Court's order to produce documents responsive to RFP Nos.

25-cv-551-AGS-KSC

11, 12, 14, and 26, and for alleged ESI spoilation, this denial is *without prejudice* to Batta Fulkerson refiling. **Bulldog Law and its counsel are reminded should Batta Fulkerson refile and prevail on said issues, additional sanctions, including the imposition of additional fees and expenses, will likely be imposed.** *See e.g.* Dkt. No. 62 (including Batta Fulkerson's request for implementation of EDI protocol administered by a neutral third-party administrator at Bulldog Law's expense.)

**IT IS SO ORDERED.**

Dated:  March 4, 2026

Hon. Karen S. Crawford
United States Magistrate Judge

10

25-cv-551-AGS-KSC