UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTA FULKERSON, LLP,<br><br>                              Plaintiff,<br><br>v.<br><br>BULLDOG LAW, P.C.,<br><br>                              Defendant.<br><br>―――――――――――――――<br><br>AND RELATED COUNTERCLAIM. | Case No.:  25-cv-00551-AGS-GC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**[ECF No. 64]** |

Before the Court is a Motion for Attorney Fees and Costs filed by Plaintiff Batta Fulkerson ("Plaintiff").  (ECF No. 64.)  Defendant Bulldog Law, P.C. ("Defendant") filed an opposition.  (ECF No. 67.)  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

On January 19, 2026, Plaintiff filed a discovery-related Motion for Sanctions requesting that sanctions be imposed against Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), (d)(1)(a)(ii) and (e).  (ECF No. 58.)  On March 4, 2026, the Honorable Karen S. Crawford issued an order granting Plaintiff's Motion for Sanctions in

1

part, finding that Defendant's complete failure to respond to Plaintiff's Revised First Set of Interrogatories ("Revised Interrogatories") warranted compelled responses, in addition to a monetary sanction for Plaintiff's reasonable attorney fees and expenses (the "Sanctions Order"). (ECF No. 63 at 7.) Judge Crawford found the imposition of sanctions supported under Rule 37(b)(2)(A) and (d)(1)(a)(ii). (*Id.* at 5–6.) Accordingly, Judge Crawford ordered Defendant to produce full and complete written responses to the Revised Interrogatories by March 27, 2026. (*Id.* at 9.) Judge Crawford further ordered Defendant and defense counsel, Mario P. Tafur and Phillip R. Berwish, to pay Plaintiff's reasonable expenses, including attorney's fees, caused by their failure to produce responses to the Revised Interrogatories. (*Id.*)

Judge Crawford set a briefing schedule for a Motion for Attorney Fees and Expenses. (*Id.*) Plaintiff's Motion for Attorney Fees and Expenses was due by March 20, 2026, and Defendant's opposition or other responsive brief was due by April 3, 2026. (*Id.*) Plaintiff timely filed a motion (ECF No. 64) and Defendant timely filed an opposition (ECF No. 67).

## II.    LEGAL STANDARD

An award of attorneys' fees must be reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Federal courts employ the 'lodestar' method to determine a reasonable attorney's fees award[.]" *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). This is a "two-step process." *Id.* "First, a court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.* The lodestar figure "is treated as a presumptively reasonable award." *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024). "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly*, 822 F.3d at 1099. In determining whether to adjust the lodestar figure, courts consider the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the

25-cv-00551-AGS-GC

preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  "The lodestar is presumed to include (or 'subsume') at least some of these factors, and an enhancement can be justified only in 'rare' and 'exceptional' cases where the presumption is overcome." *Edmo*, 97 F.4th at 1168.

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  At all times, the court "has a great deal of discretion in determining the reasonableness of the fee[,]" including "the reasonableness of the hours claimed by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff seeks an award of $77,190.20 in attorney fees and costs.  (ECF No. 64-1 at 1.)  In support of this request, Plaintiff submits itemized billing records listing $67,108.50 in attorney fees and $10,081.70 in costs.  (Declaration of Kristen G. Roberts ("Roberts Decl."), ECF No. 64-5 ¶¶ 7–8, Exs. 1, 2.)  In its opposition, Defendant objects to the entire request, arguing that "the billing submitted in support of the monies [Plaintiff] seeks is unreasonable, egregiously inaccurate, and unrelated to the alleged failure to respond to discovery."  (ECF No. 67 at 14.)[1]  The Court addresses the parties' arguments below.

///

///

----

[1]    Defendant makes several additional arguments in its opposition that are irrelevant to the present motion for attorney fees and costs caused by Defendant's failure to respond to the Revised Interrogatories.  Therefore, the Court will not address them in this Order.

### A.   Reasonable Rates

"Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citation and internal quotation marks omitted). "[T]he relevant community is the forum in which the district court sits." *Id.* (citation omitted). "Affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *Id.* (citation omitted); *see also United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (noting that "the court must base its determination on the *current* market rate"). "Once a fee applicant presents such evidence, the opposing party has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Chaudhry*, 751 F.3d at 1110–11 (citation and internal quotation marks omitted).

Plaintiff argues that the billing rates charged by its counsel at Trestle Law, APC ("Trestle Law") are consistent with prevailing market rates in San Diego for attorneys of comparable skill, experience, and reputation in intellectual property and trademark litigation. (ECF No. 64-1 at 4–5.) Their billing rates are as follows:

| Kristen G. Roberts | Managing Attorney | $695 |
| --- | --- | --- |
| Amanda L. Bruss | Senior Attorney | $650 |
| Allegra Garside | Associate | $400 |
| Savannah Swartz | Associate | $350 |
| Kayley Seedborg | Paralegal | $150 |

Plaintiff's counsel submitted multiple affidavits in support of their billing rates attesting to their skill and experience. Kristen Roberts is the Founder and Managing Attorney of Trestle Law. (Roberts Decl. ¶ 1.) She has been a licensed attorney since 2011

and opened the firm in 2014. (*Id.* ¶ 2.) Ms. Roberts has focused her practice entirely on intellectual property matters. (*Id.*) Amanda Bruss, Senior Attorney, has been a licensed attorney for nearly 20 years and has specialized in federal IP litigation since 2011. (ECF No. 64-3 at 2.) Allegra Garside, Associate, has been a licensed attorney since 2022 and an associate at Trestle Law focusing primarily on intellectual property matters since 2023. (ECF No. 64-2 at 1–2.) Savannah Swartz, Associate, has been a licensed attorney since 2021 and has practiced trademark law for over four years. (ECF No. 64-4 at 1–2.)

Plaintiff's counsel argues that "[c]ourts in this District have approved hourly rates within or well above the range sought here." (ECF No. 64-1 at 4–5 (citing cases).) Defendant does not dispute the reasonableness of Plaintiff's hourly rates. Based on its review of the relevant case law, the Court finds Plaintiff's counsel's hourly rates to be in line with those prevailing in this District for similar services by lawyers of reasonably comparable skill, experience and reputation. *See, e.g.*, *Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021) ("[C]ourts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in [the] range of $550 per hour to more than $1000 per hour."); *3D Sys., Inc. v. Wynne*, No. 21-cv-1141-AGS-DDL, 2025 WL 51443, at *2–4 (S.D. Cal. Jan. 7, 2025) (finding hourly rates of $830 for a litigation partner, $685 for litigation counsel, and $475 and $505 for litigation associates to be reasonable and collecting cases); *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15cv1879-BEN (BLM), 2017 WL 2212029, at *3 (S.D. Cal. May 18, 2017) (finding hourly rates of $750 for an intellectual property partner with 25 years of experience, $550 for an intellectual property associate with 10 years of experience, $350 for an intellectual property associate with 4 years of experience, and $150 for an intellectual property paraprofessional with 19 years of experience reasonable).

Moreover, the Court finds the hourly paralegal rate to be reasonable and in line with the prevailing rate in this District. *See Fitzgerald v. Pollard*, No. 20cv848 JM(MSB), 2024 WL 4596401, at *12 (S.D. Cal. Oct. 28, 2024) ("Generally, reasonable rates for paralegals

25-cv-00551-AGS-GC

in this district have ranged from $125 to $250.").  Accordingly, the Court will utilize the rates set forth above in its lodestar analysis.

### B.      Reasonable Hours

Litigants seeking fees have the "initial burden of production," under which they "must produce satisfactory evidence establishing the reasonableness of the requested fee." *$28,000.00 in U.S. Currency*, 802 F.3d at 1105 (citation and internal quotation marks omitted).  Thus, the applicant must "document[] the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1397.  The fee award "may be based on the affidavits of counsel, so long as they are sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (citation and internal quotation marks omitted).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98.

Billing records submitted by the party seeking fees "may contain entries for hours that are excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (internal quotation marks and citation omitted). "Because a reasonable attorney's fee would not include compensation for such hours," the court may "conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.* (internal quotation marks and citation omitted).  Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.*

Plaintiff argues that all the time reflected in Trestle Law's billing statement was necessarily and reasonably incurred in connection with this litigation.  (ECF No. 64-1 at 5.)  Plaintiff contends that the billing statement "captures the full scope of work performed

by Trestle Law regarding this discovery dispute through the preparation of these moving papers, including meet-and-confer efforts and correspondence regarding Defendant's noncompliance; joint discovery dispute submissions to Judge Crawford; attendance at Court conferences; preparation and filing of the Motion for Sanctions; review of Defendant's opposition; and preparation of this fee motion." (*Id.* at 5–6.)

The Court has reviewed the billing statement in detail and finds that not all of Plaintiff's counsel's hours were reasonably caused by Defendant's failure to produce responses to the Revised Interrogatories. *See Breaking Code Silence v. McNamara*, No. 2:22-cv-02052-MAA, 2024 WL 6847883, at *5 (C.D. Cal. July 25, 2024) ("[F]or fees to be awarded pursuant to Rule 37(b)(2)(C), there must be a 'causal connection' between a litigant's discovery misconduct and the legal fees incurred by the opposing party." (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5 (2017))); *Andreoli v. Youngevity Int'l, Inc.*, No. 16-cv-02922-BTM-JLB, 2019 WL 2492491, at *9, n.12 (S.D. Cal. June 14, 2019) (declining to award fees for litigation efforts not directly caused by the noncompliance). Plaintiff includes nearly all discovery-related billing done in this case, which is beyond the scope of Judge Crawford's Order. For example, the Revised Interrogatories, the only interrogatories at issue, were served on July 14, 2025. (ECF No. 63 at 3, n.1.) Defendant had until August 13, 2025, to serve its answers and any objections. Fed. R. Civ. P. 33(b)(2). Plaintiff included, however, billing entries prior to this deadline.

The first entry in Plaintiff's billing statement regarding Defendant's failure to respond to the Revised Interrogatories is dated August 19, 2025. (ECF No. 64-6 at 2 ("draft and send email to opposing counsel requesting M&C on Interrogatory Response").)[2] Plaintiff met and conferred with Defendant regarding deficient discovery, including Defendant's failure to respond to the Revised Interrogatories, on September 8, 2025. (*Id.*

---

[2]    (*See also* ECF Nos. 58-8 at 2; 58-11 at 2.)

at 3.)[3] On September 10, 2025, the parties lodged a Joint Discovery Statement addressing, in part, Defendant's failure to respond to the Revised Interrogatories. (ECF Nos. 58-8; 63 at 3–4.) The Court held a Discovery Conference to address the parties' discovery dispute on September 19, 2025. (ECF Nos. 40, 42.) Following the conference, Judge Crawford ordered Defendant to provide full and complete responses to the Revised Interrogatories by October 3, 2025. (*Id.* at 1.)[4]

Defendant argues that time spent on the meet and confer process is typically not included in a fee award. (ECF No. 67 at 6.) As to the initial meet and confer, this argument is well taken. In this District, the Local Rules require the parties to meet and confer on all disputed issues prior to bringing any motion pursuant to Rule 37. CivLR 26.1(a). "As such, fees associated with the initial meet and confer process logically should not always be included in a fee award." *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS BLM, 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008). Although "a fee award may be proper where a party fails to participate in a good faith meet-and-confer, or otherwise obstructs the resolution process," that is not the case here. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAX, 2021 WL 4974050, at *19 (C.D. Cal. July 8, 2021). Here, Defendant did participate in the meet and confer process initiated on August 19, 2025, which culminated in the submission of a Joint Discovery Statement and a Discovery Conference on September 19, 2025. Such an attempt at informal resolution occurs in the normal course of discovery. Accordingly, the Court does not find any of the

---

[3] Although the parties were drafting a Joint Discovery Statement around this time and such time is included in the billing statement, the Joint Discovery Statement submitted on August 21, 2025, did not address Defendant's failure to respond to the Revised Interrogatories and is therefore not compensable.

[4] In August, September, and October 2025, Plaintiff noticed and took the depositions of Defendant and Mario Tafur. (ECF No. 64-6 at 2–4.) Plaintiff seeks attorney fees related to noticing, preparing for, and conducting these depositions. (*Id.*) For the reasons set forth below in denying deposition costs, the Court also does not find these hours reasonable.

hours reasonable with respect to this initial attempt at resolving the parties' discovery dispute over Defendant's failure to respond to the Revised Interrogatories.

Defendant did not provide full and complete responses to the Revised Interrogatories by October 3, 2025, as ordered by the Court.  (Declaration of Amanda Bruss in Support of Motion for Sanctions ("Bruss Sanctions Decl."), ECF No. 58-1 ¶ 25.)  Therefore, Plaintiff initiated meet and confer efforts a second time, on October 7, 2025, which culminated in another Joint Discovery Statement on November 20, 2025.  (*Id.* ¶¶ 27–30, 33–34, Ex. J.) The Court finds all hours associated with this meet and confer and Joint Discovery Statement to be reasonable.  Rather than a discovery dispute in the normal course, Defendant had violated a court order and offered no justification for doing so.  (*See* ECF No. 63 at 7.)

The parties held a telephonic conference with Judge Crawford's law clerk on December 11, 2025, who advised that Plaintiff could proceed with filing a motion for sanctions and set the applicable briefing schedule.  (*Id.* ¶ 36; *see also* ECF No. 52.)  Plaintiff received an extension of the briefing schedule on January 7, 2026.  (ECF No. 56.) Plaintiff's counsel thereafter filed the motion for sanctions on January 19, 2026.  (ECF No. 58.)  The opposition was filed on February 2, 2026.  (ECF No. 61.)

On February 9, 2026, the parties lodged another Joint Discovery Statement in which Plaintiff sought to reopen discovery.  (ECF No. 62.)  The Court denied the request without prejudice, stating that Plaintiff did not explain "what specific discovery it intends to pursue, why it did not seek this discovery earlier, or allege any facts that would support a good cause finding to reopen discovery or reset discovery deadlines that have already passed." (*Id.*)  Although requested, the Court declines to find reasonable hours related to this denied request.  Judge Crawford issued the Sanctions Order on March 4, 2026.  (ECF No. 63.) Plaintiff's counsel thereafter drafted the present motion for attorney fees and costs, which was filed on March 20, 2026.  (ECF No. 64.)

///

///

25-cv-00551-AGS-GC

Although Plaintiff seeks $67,108.50 in attorney fees related to the Sanctions Order, the Court finds that only the following hours, which reflect the timeline set forth above, were reasonably caused by Defendant's failure to respond to the Revised Interrogatories:

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|---|---|---|---|---|---|
| 10/7/25 | Bruss | 1.3 | 650 | 845 | Review production and amended discovery responses from Defendant, draft email requesting conference, check caselaw on sanctions, next steps, outline joint dispute letter (1.3) |
| 10/8/25 | Bruss | .1 | 650 | 65 | Review correspondence from opposing counsel regarding discovery dispute call, draft and send response with proposed times (.1) |
| 10/9/25 | Bruss | 1.1 | 650 | 715 | Prepare for and conduct M&C with opposing counsel regarding discovery issues (.7); finish draft joint letter and send to opposing counsel with exemplar document list (.4) |
| 10/10/25 | Bruss | .1 | 650 | 65 | Draft and send follow up to opposing counsel regarding joint letter (.1). |
| 10/13/25 | Bruss | .1 | 650 | 65 | Draft and send follow up message to opposing counsel regarding discovery dispute letter (.1) |
| 10/14/25 | Bruss | .3 | 650 | 195 | Review and respond to correspondence from counsel with documents, review documents (.3) |
| 10/30/25 | Bruss | .1 | 650 | 65 | Draft and send follow up to opposing counsel regarding discovery dispute (.1) |
| 11/20/25 | Bruss | .3 | 650 | 195 | Review and finalize Joint Discovery Dispute Letter regarding Defendant's failure to comply with Court's Order compelling production in Batta Fulkerson, LLP v. Bulldog Law, P.C.; Review Civil Chambers Rules and discovery deadlines to confirm compliance; Prepare and serve Joint Discovery Dispute Letter and correspondence to the Court and all parties (0.3) |

25-cv-00551-AGS-GC

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|---|---|---|---|---|---|
| 12/10/25 | Bruss | .1 | 650 | 65 | Receive and review court correspondence regarding Judge Crawford's request for clarification of partial responses to Document Requests and scheduling of conference to address discovery sanctions (0.1) |
| 12/11/25 | Bruss | .3 | 650 | 195 | Participate in call with court clerk regarding discovery deficiencies and procedural requirements for upcoming hearing (0.3) |
| 12/12/25 | Bruss | .1 | 650 | 65 | Review Orders entered by Court addressing sanctions order (0.1) |
| 12/12/25 | Roberts | .3 | 695 | 208.5 | Prepare and send detailed correspondence to Dan and Paul at Batta Fulkerson, LLP summarizing sanctions motion, discovery enforcement, and propose call to discuss path forward (.2); Correspond with Senior Attorney regarding same (.1) |
| 12/17/25 | Bruss | .1 | 650 | 65 | Coordinate with support staff regarding creation of time log for sanctions motion (0.1). |
| 1/5/26 | Bruss | .4 | 650 | 260 | Draft correspondence to Magistrate Judge Karen S. Crawford and opposing counsel to explain basis for request to extend Plaintiff's sanctions motion deadline in light of medical necessity and proposed settlement conference continuance; review Defendant's Letter Motion to Adjourn Mandatory Settlement Conference due to medical necessity and analyze impact on case schedule; Draft and revise Plaintiff's Response to Court to confirm non-opposition to adjournment, request resetting of Mandatory Settlement Conference and extension of Plaintiff's motion for sanctions deadline, and ensure language addresses circumstances outlined in Defendant's request; Correspond with Managing Attorney and Paralegal to finalize |

25-cv-00551-AGS-GC

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|---|---|---|---|---|---|
| | | | | | strategy and circulate executed response for internal review (0.4) |
| 1/5/26 | Roberts | .4 | 695 | 278 | Review correspondence regarding extension of Discovery Sanctions Motion deadline (.1); Coordinate with Senior Attorney regarding submission strategy to the Court and internal reporting for billing discovery sanctions (.3); |
| 1/7/26 | Bruss | .4 | 650 | 260 | Review and draft correspondence to Law Clerk to Magistrate Judge Crawford and opposing counsel to request and justify extension of Plaintiff's Motion for Sanctions filing deadline to follow rescheduled Mandatory Settlement Conference, and review case calendar to confirm timing and implications of proposed extension (0.2) |
| 1/8/26 | Bruss | .1 | 650 | 65 | Correspondence with Dan Fulkerson and Paul Batta of Batta Fulkerson, LLP regarding new deadline for Plaintiff's Motion for Sanctions (0.1). |
| 1/9/26 | Bruss | .1 | 650 | 65 | Review and respond to correspondence from Paul Batta regarding need to file extension for sanctions motion in Batta Fulkerson, LLP v. Bulldog Law, P.C. (0.1) |
| 1/12/26– 1/20/26 | Bruss | 14.4 | 650 | 9360 | Draft motion for sanctions and related research |
| 1/20/26 | Roberts | .1 | 695 | 69.5 | Review correspondence from Senior Attorney to Kate regarding the filing of the Motion for Sanctions and associated exhibits, including declarations and deposition excerpts, to track litigation status and move the matter forward (0.1). |
| 2/2/26 | Bruss | .2 | 650 | 130 | Receive and review Defendant's Opposition to Plaintiff's Motion for Sanctions to evaluate legal arguments and identify discovery deficiencies (0.2) |

12

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|------|----------|------|-------------|--------------|-------------|
| 2/3/26 | Roberts | .1 | 695 | 69.5 | Review Defendant's opposition to the Motion for Sanctions to evaluate the clean hands doctrine argument and determine its impact on the pending request for equitable relief (0.1) (duplicate entry) |
| 3/5/26 | Bruss | .9 | 650 | 585 | Review and analyze Order Granting In Part Plaintiffs Motion For Sanctions And Setting Briefing Schedule For Motion For Attorney Fees and Order on Discovery Extension to evaluate upcoming deadlines and compliance requirements (0.1); Internal correspondence with Managing Attorney regarding matter strategy and status updates for Batta Fulkerson, LLP (0.3); Review and analyze the Batta Dispute Report to evaluate billing status and matter management to move the matter forward (0.1).draft overview of court rulings, the award of attorney's fees, and strategic settlement leverage to move the matter forward (0.2); internal correspondence with Managing Attorney regarding preparation of the Motion for Attorney Fees, finalize and send update to client (0.1). |
| 3/5/26 | Seedborg | .1 | 150 | 15 | Review Order on Motion for Sanctions and update the case calendar and internal matter notes with upcoming deadlines to move the matter forward (0.1). |
| 3/9/26 | Bruss | .4 | 650 | 260 | Internal correspondence with Managing Attorney regarding procedural requirements and estimated time for the Motion for Attorney Fees (0.1). |
| 3/11/26 | Roberts | .4 | 695 | 278 | Meeting with Senior Attorney and Associate Attorney to prepare to draft and file motion |
| 3/11/26 | Swartz | .8 | 350 | 280 | Meeting with Managing Attorney and Senior Attorney (0.4); confer |

25-cv-00551-AGS-GC

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|------|----------|------|-------------|--------------|-------------|
| | | | | | with support staff regarding updated dispute report to support motion for fees (0.1); Begin to revise spreadsheet of Discovery fees for Batta Fulkerson, LLP dispute to facilitate motion for fees (0.3); |
| 3/12/26 | Swartz | 2 | 350 | 700 | Review the Order on Sanctions Motion and Motion for Sanctions to identify relevant discovery dispute dates (0.3); revise and notate Batta Dispute Report regarding fee records for Senior Attorney to facilitate motion for fees (1.7). |
| 3/13/26 | Swartz | 1 | 350 | 350 | Continue to revise and notate the Batta Dispute Report regarding time entry records for the Managing Attorney and Senior Attorney to facilitate fee tracking and matter management (0.9); prepare and send email to Senior Attorney outlining revisions (0.1). |
| 3/13/26 | Bruss | .2 | 650 | 130 | Review and analyze internal dispute reporting and discovery status for Batta Fulkerson, LLP to facilitate case management and move the matter forward (0.1); pull and circulate sample declarations from prior matter for support needed for fees motion (0.1) |
| 3/14/26 | Bruss | 2.5 | 650 | 1625 | Review and analyze the Batta Dispute Report to evaluate billable entries related to the discovery dispute (0.2); draft and revise motion for attorney's fees (0.9); perform legal research regarding current market rates and the recovery of attorney fees at current versus historical rates under Missouri v. Jenkins and Gonzalez v. City of Maywood, recovery of administrative staff costs (0.3); revise brief to incorporate legal research regarding fee-shifting authorities, current market rates, and paralegal fees (0.3); review and |

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|---|---|---|---|---|---|
| | | | | | revise the Motion for Attorneys' Fees to incorporate updated case citations, billing summaries, and procedural formatting requirements to move the matter forward (0.2); perform legal research regarding the 'unjust' circumstances exception under Federal Rule of Civil Procedure 37(b)(2)(C) to support the argument for the full fee award against Bulldog Law, PC (0.2); prepare draft declarations for Senior Attorney and Associate Attorney regarding professional experience and the accuracy of billing records to support the fee application (0.4). |
| 3/15/26 | Bruss | 1.4 | 650 | 910 | Review and revise motion for fees, pulling additional caselaw to support legal arguments and billing rates (1.1); revise Bruss Declaration (0.2); draft and send email to Managing Attorney and Associate Attorneys regarding declaration shells and information needed (0.1). |
| 3/16/26 | Roberts | .2 | 695 | 139 | Revise declaration in support of attorneys' fees and send to Senior Attorney for handling/input. |
| 3/16/26 | Swartz | .4 | 350 | 140 | Review and revise personal declaration in support of attorneys' fees and send to Senior Attorney for approval. |
| 3/17/26 | Bruss | .5 | 650 | 325 | Correspondence with Associate Attorney regarding the coordination and review of time entries for a motion for attorney's fees (0.2); check Southern District of California Local Rules to confirm electronic filing of attorney declarations, draft and send correspondence to team regarding same, and deadline for completion (0.1); review internal correspondence from Associate Attorney regarding the updated Declaration in Support of Fees to |

25-cv-00551-AGS-GC

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|------|----------|------|-------------|--------------|-------------|
| | | | | | facilitate administrative coordination and ensure accurate matter management (0.1); review and analyze the Batta Dispute Fees Report to evaluate billable entries and discovery status for Batta Fulkerson, LLP to facilitate case management and move the matter forward (0.1) |
| 3/17/26 | Swartz | 2.9 | 350 | 1015 | Continue to revise and notate the Batta Dispute Report to include updated billing entries and refined descriptions for the Managing Attorney, Senior Attorney, and Associate Attorney to support the motion for attorney fees (1.5); Confer with Managing Attorney and Senior Attorney regarding revisions to the billing report and strategic updates to the fee motion to move the matter forward (0.2); Review comments from Senior Attorney and finalize the Batta Dispute Report in support of the motion for attorney fees (1.1); prepare email to Managing Attorney and Senior Attorney regarding finalization of Report (0.1) |
| 3/17/26 | Roberts | .3 | 695 | 208.5 | Review and revise Motion for Attorneys Fees and supporting declarations (0.2); internal correspondence with Senior Attorney and Associate Attorney regarding finalization of fee motion exhibits and coordination of filing schedule for Batta Fulkerson (0.1). |
| 3/18/26 | Bruss | .6 | 650 | 390 | Meeting with Managing Attorney regarding Attorneys' Fees Motion |
| 3/18/26 | Roberts | .6 | 695 | 417 | Meeting with Senior Attorney to review documents for production on discovery dispute and drafted settlement agreement and revise declaration in support of Attorneys' Fees Motion |

25-cv-00551-AGS-GC

| Date | Attorney | Time | Hourly Rate | Total Amount | Description |
|---|---|---|---|---|---|
| 3/19/26 | Swartz | 3.1 | 350 | 1085 | Review Civil Chambers Rules regarding evidence formatting and submission requirements in preparation of finalizing exhibits (0.2); communicate with Senior Attorney and Managing Attorney regarding inclusion of deposition costs (0.2); Conference with paralegal regarding Batta Deposition costs and invoices (0.2); Review Batta costs and invoices (0.2); prepare the Batta Dispute Cost Report (0.4); Revise and finalize the Declaration of Savannah Swartz in Support of Plaintiff's Motion for Attorney Fees regarding the authentication of billing records and professional background (0.5); Revise and finalize Batta Dispute Fees Report (1.4) |
| 3/20/26 | Bruss | .5 | 650 | 325 | Finalize and file motion for attorney's fees and supporting documentation. |
| **TOTALS:** | | **39.3** | | **$22,543.00** | |

Based on the foregoing, the lodestar is $22,543.00. The Court finds no rare or exceptional reason for adjusting this figure and therefore finds it to be the reasonable attorney fee award pursuant to the Sanctions Order.

**C.    Costs**

Plaintiff also requests $10,081.70 in costs related to the depositions of Defendant's witnesses, Mario Tafur and David Prescilla. (Roberts Decl. ¶ 8, Ex. 2.) Plaintiff argues it is entitled to these costs because they were "incurred solely because [Defendant] never responded to [the Revised Interrogatories]." (ECF No. 64-1 at 8.) Plaintiff contends that it was "compelled to depose Defendants' witnesses to obtain basic factual information the interrogatory answers would have provided, at far less expense." (*Id.*) Defendant objects to the request for costs, arguing, in part, that the request is "unrelated to the alleged failure

to respond to discovery." (ECF No. 67 at 3–4.)  For the reasons set forth below, the request for deposition costs is denied.

In its Motion for Sanctions, Plaintiff did not indicate that this was the sole reason for deposing Defendant's witnesses.  Rather, the depositions were noticed while the parties were still engaging in their discovery disputes and Judge Crawford was continuing to order Defendant to respond to the Revised Interrogatories.  (Bruss Sanctions Decl. ¶¶ 21–24.)  Plaintiff also attached excerpts from these depositions to its Motion for Sanctions and claimed that the excerpts show that certain categories of documents responsive to the Court-ordered Requests for Production had not been produced.  (Bruss Sanctions Decl. ¶¶ 24, 31, Exs. H, I.)  In the Sanctions Order, Judge Crawford denied without prejudice Plaintiff's request for terminating sanctions relating to Defendant's alleged failure to comply with the Court's order to produce documents responsive to Request for Production Nos. 11, 12, 14, and 26, and for alleged ESI spoilation.  (ECF No. 63 at 7–10.)

Although the depositions may have been at least partially unproductive due to Defendant's allegedly deficient document production, the Court is not convinced that these deposition costs were incurred because of Defendant's failure to respond to the Revised Interrogatories.  *Compare RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4974049, at *11 (C.D. Cal. Aug. 19, 2021) (declining to award fees for the hours counsel spent reviewing discovery responses and preparing for depositions because the plaintiff did not explain why this preparation was rendered unnecessary by the failure to attend the deposition as the plaintiff may use this preparation when she deposes the defendants in the future), *with 3D Sys., Inc.*, 2025 WL 51443, at *4 ("Given that 3D Systems did not intend to depose PTC and did so only after learning that defendants deleted OnShape documents and elements, reasonable fees incurred by 3D Systems in taking the deposition are within the August 21 Order's scope.").  Rather, the Court finds that Plaintiff would have noticed and taken these depositions regardless of Defendant's failure to

respond to the Revised Interrogatories. Accordingly, the Court denies Plaintiff's requests for costs related to Defendant's depositions.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff attorney fees in the amount of **$22,543.00**. Bulldog Law, PC, Mario P. Tafur and Phillip R. Berwish, shall pay Plaintiff such fees no later than **June 8, 2026**, and shall file a declaration verifying such payment has been made by **June 15, 2026**. Failure to comply with this Order may result in the imposition of additional sanctions.

**IT IS SO ORDERED.**

Dated: May 8, 2026

Hon. Guillermo Cabrera
United States Magistrate Judge

---

[5] The Court notes that while Plaintiff's deposition costs are not recoverable in the context of Defendant's failure to respond to the Revised Interrogatories, the Court may still shift those costs to Defendant depending on the recommendation of the Special Master.